## *EX PARTE* BROCK *IN RE* WELLS' WILL.

1. WILL OR NO WILL—EVIDENCE—REPLY.—On the issue of will or no will in
   the Court of Common Pleas on appeal from the Court of Probate, which
   had admitted the will to probate, the parties propounding the will were
   held entitled to the reply in argument, because the contestants had put a
   diagram in evidence, and by the express words of the statute. Gen. Stat.,
   § 1872.
2. EXECUTION OF WILL—PRESUMPTIONS.—Where a paper propounded as a will
   is shown to have been signed by the alleged testator and by the requisite
   number of subscribing witnesses, the presumption is, in the absence of any
   satisfactory evidence to the contrary, that all the other formalities have
   been complied with.
3. CHANGE OF LAW—EXISTING WILLS—QUERE.—Where a testator died after
   1882, leaving of force his will executed prior to the amendment of the law
   in 1882 (Gen. Stat., § 1854), requiring the three attesting witnesses to a
   will to sign in the presence of each other, by which law will the case be
   governed?
4. REFUSAL OF NEW TRIAL on questions of fact in a case like this cannot be
   reviewed on appeal.

Before NORTON, J., Clarendon, October, 1891.

This was an appeal by Mathew C. Wells and others, heirs at law of John W. Wells, deceased, from a judgment of the Court of Common Pleas, sustaining a decree of the Probate Court, that admitted to probate, after proof in solemn form, the will of said J. W. Wells, propounded by John O. Brock, executor. So much of the charge to jury as has any bearing upon the points raised by the appeal, was as follows:

*Gentlemen of the jury:* The case which you are now to consider is embraced in the issues which I have just asked the counsel to prepare for your consideration: "Is the paper propounded to you as the will of John W. Wells, deceased, is it his will or is it not?" Is it a valid will? Has it been executed according to law? No other question is raised for your consideration except the simple question whether the will was executed as required by the statute. It is admitted that Mr. Wells signed that paper, and signed it as and for his will. It is admitted that the gentlemen whose names are subscribed as witnesses did subscribe as witnesses thereto, and they say that they remember the fact of their signing it, and that this is their handwriting. You recollect the testimony. The statute requires, however, not only that the names should be there and they be genuine, but the signature of the testator and the witnesses are also required to be made in a particular manner.

The statute requires, as it now reads, and it is the statute to be read now, that every will, before it shall have the force and effect of a will or testamentary paper, shall be signed by the testator in the presence of at least three witnesses, and that they shall sign the paper in his presence and in the presence of each other. And I charge you, that although the will was made years before the statute was framed, these particular witnesses and the testator must have conformed to the statute; the will must have been executed according to the terms of the statute—that is to say, if you believe that the will was made fifteen years ago, that he died two years ago or one year ago, then it would be necessary for the will to have been executed in the manner indicated under the statute; the will must have been signed in the presence of these three gentlemen as wit-

nesses to the will, and it must have been signed in his presence and in the presence of each other.

When you find a paper like this and nothing more, if the witnesses come to you and say that the signatures are theirs, but they don't remember the transactions at all—they only recognize their signature, and they recognize the signature of Mr. Wells—then the law presumes that all of the formalities had been complied with, and that they had complied with the law in the execution of the paper, and the paper would become a good paper. But the contestants allege, as a fact proved, that the witnesses to the will testified before you, that while they have little recollection about the matter, their recollection is that the will was signed, not in the presence of each other, but that they signed at separate times—that one of the witnesses attested in the piazza, where, they allege, the testator could not have seen the witness subscribe. So the allegation is that this attestation failed in two particulars: First, that the witnesses did not sign in the presence of each other. Second, that one of the witnesses, at least, did not sign in the presence of the testator.

Does the testimony warrant you in coming to that conclusion? Do you agree with the contestants or do you agree with the executor? The one contends that the will was not formally and properly executed, the other that it was formally and properly executed. Although the law presumes the proper execution, yet it is competent to show that these facts exist. If you really believe from the testimony that this state of facts does exist; that the witnesses did not sign in the presence of each other; that one of the witnesses did not sign in the presence of the testator—ordinarily, in his presence means where the testator was, and he must have been able to see the execution. In the case of a blind man, while it was not in his reach, he must have known that they were present signing; but that don't concern you, except to show the limitations given to the testator. Could he have seen Mr. Bowman, one of the witnesses, sign in the piazza? In the first place, was it in the piazza? Next place, could the testator have seen if it was there? As you decide this question, so your verdict should be.    *    *    *

In regard to the preponderance of the testimony: If the testimony exactly balanced, then, it is your duty to find against the will; if you find that the testimony is not equally balanced, then, it is your duty to find a verdict on the side which you find the preponderance of the testimony. In this particular case, you have nothing except the testimony of the witnesses to the will; you will be governed by the testimony which they gave, and the presumptions which arise in the case. The presumption is that that paper was executed according to the law as it now exists, but that presumption may be rebutted by the testimony showing that it was not so executed, and it is for you to say, from all the presumptions, and from the testimony of the witnesses, whether there was a failure to execute the will in one or the other particulars which I have mentioned. If you find that it has been properly executed according to the forms of law, you will answer yes, writing it out there; if you find that it is not executed according to the forms of law, you will write no.

The jury found in favor of the will, a motion for new trial was made and refused, and contestants appealed.

*Messrs. R. C. Purdy* and *M. C. Galluchat*, for appellants.

*Messrs. J. F. Rhame, E. W. Moise*, and *Lee & Moise*, contra.

October 8, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The will of John W. Wells, dated 2d January, 1875, having been admitted to probate in common form, on the 8th of February, 1890, by the judge of probate, the appellants, as heirs at law of said John W. Wells, demanded that the will be proved in solemn form. Accordingly, on the 20th of November, 1890, after hearing the testimony, the judge of probate rendered his decree in favor of the validity of the will. From this decree an appeal was taken by the said heirs to the Court of Common Pleas, and the case came on to be heard before his honor, Judge Norton, and a jury, upon an issue of *devisavit vel non*. The finding of the jury being in favor of the will, this appeal was taken by said

heirs, upon the several grounds set out in the record, substantially as follows: 1st. Because the contestants of the will were denied the right to reply in argument. 2d. Because the Circuit Judge erred in charging the jury as follows: "When you find a paper like this and nothing more, if the witnesses come to you and say that the signatures are theirs, but they don't remember the transaction at all, they only recognize their signatures, and they recognize the signature of Mr. Wells, then the law presumes that all of the formalities had been complied with." 3d. Because of error in charging the jury: "The presumption is, that that paper was executed according to the law as it now exists, but that presumption may be rebutted by the testimony showing that it was not so executed, and it is for you to say, from all the presumptions and from the testimony of the witnesses, whether there was a failure to execute the will in one or the other particulars which I have mentioned." 4th. Because his honor erred in refusing to grant a new trial, "upon the ground that the verdict was clearly against the great preponderance of the testimony."

The first ground is based upon the assumption that appellants offered no testimony, and hence, under the general rule, were entitled to the reply. In the first place, we think this assumption is not well founded, for it appears in the "Case," that, while one of the subscribing witnesses to the will was on the stand, he was asked, on cross-examination, to make a diagram of the house in which the will was said to have been executed, which diagram was put in evidence by the counsel for appellants during that examination. This was quite sufficient to show that the appellants did offer testimony, as will be seen by reference to the case of *Hamilton* v. *Feemster*, 4 Rich., 573, where the defendant, in course of plaintiff's testimony, offered and read in evidence a letter from plaintiff to defendant, and it was held, that defendant had thus offered evidence, and was, therefore, deprived of the reply in the argument. See, also, *Owens* v. *Gentry*, 30 S. C., 490; *Willoughby* v. *Railroad Company*, 32 *Id.*, 410. But, in addition to this, the statute (General Statutes, section 1872), expressly giving to the executor, or parties propounding the will for

probate, in *all* trials upon appeals from the Probate Court, the right to open and reply in argument, as well as in evidence, is conclusive of the question.

The second and third grounds may be considered together. These grounds being based upon certain detached portions of the judge's charge, it is necessary, under the well settled rule, that they should be considered in connection with the whole charge, which should be incorporated in the report of this case. It seems that there are two objections to the formality of the execution of the paper propounded as the last will and testament of John W. Wells : 1st. That it was not shown that the subscribing witnesses signed in the presence of each other. 2d. That it was not shown that one of said witnesses signed in the presence of the testator. It will be observed, that a period of about fifteen years elapsed between the signing of the paper and the taking of the testimony, and, therefore, as might well be expected, the witnesses were not able to speak definitely as to the smaller details of the transaction, as to where the paper was signed, or who was actually present at the time. But the testimony, which is all set out in the "Case," leaves no doubt of the fact that it was signed by the testator as well as by the subscribing witnesses. It was under these circumstances that the instructions as to the presumption were given to the jury. These instructions practically amounted to this : that, where a paper propounded as a will is shown to have been signed by the alleged testator, and by the requisite number of subscribing witnesses, in the absence of any satisfactory evidence to the contrary, the presumption is, that all the other formalities have been complied with. This, we think, is good law, and any other rule would render it impossible to prove a will where the subscribing witnesses were dead or their testimony was not attainable. This view is not without the support of authority. As is said in 1 Greenl. Evid., § 38*a* : "Thus, if the subscribing witnesses to a will are dead, or if, being present, they are forgetful of all the facts, or any fact material to its due execution, the law will, in such cases, supply the defect of proof by presuming that the requisites of the statute were duly observed." The same doctrine was re-

45—37

cognized in the following cases decided in this State: *Pearson* v. *Wightman*, 1 Mill., Con. R., 336; *Verdier* v. *Verdier*, 8 Rich., 135; *Welch* v. *Welch*, 9 *Id.*, 133. We do not think, therefore, that the exceptions to the judge's charge are well founded.

Inasmuch as there was no exception to so much of the charge as instructed the jury, that the testator having died since the change in the law requiring that the subscribing witnesses should sign not only in the presence of the testator, but in the presence of each other, the case must be governed by the present law, though the will was executed before such change in the law, we do not feel at liberty to consider that question.

As to the fourth ground of appeal, it can scarcely be necessary, in view of the numerous cases in which this court has held that it had no jurisdiction to consider the question there presented, to say any thing.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.