*EX PARTE* JACKSON *IN RE* HUNTLEY v. HURSEY.

WILLS—PROBATE COURT—APPEAL—ISSUES—PRACTICE.—It is proper practice to try *de novo* issue of will or no will in Circuit Court on appeal from probate court upon issues framed by Circuit Judge on notice.

Before————J., Chesterfield, April, 1903. Affirmed.

Proceeding in probate court to prove will in solemn form by *Ex parte* M. F. Jackson *in re*. will of Emily Huntley against Mary Allie Hursey *et al.* . From Circuit order, petitioner appeals.

*Messrs. Stevenson & Matheson,* for appellant, cite: 16 S. C., 45; 11 Stat., 47; 33 S. C., 447; 35 S. C., 421; 4 S. C., 44; 132 Mass., 356; 17 S. C., 33.

*Messrs. W. P. Pollock* and *Edward McIver,* contra. The former cites: Code of 1902, 2493; 12 Rich. Eq., 203; 8 Rich., 90; 16 S. C., 45; 35 S. C., 417; 37 S. C., 348; 49 S. C., 159; 50 S. C., 95; 65 S. C., 558.

July 7, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. On the 23d day of January, 1903, upon the formal petition of M. F. Jackson, a proceeding was instituted for the probate in solemn form of the will of Emily Huntley, deceased. M. F. Jackson was the acting executor of said will. A summons was issued from the court of probate for Chesterfield County, S. C., directed to Mary Allie Hursey and Isaac S. Huntley, requiring them to answer the same. Subsequently, at the instance of the said Mary Allie Hursey, J. E. Hart and Josephine R. Hart were made parties to the proceeding. For cause, the said Mary Allie Hursey and Isaac S. Huntley showed that the will offered by the proponent was not the will of Emily Huntley, deceased, because when signed by her she was very old and infirm, both mentally and physically she was *in extremis,* and in such a condition she could easily be imposed upon and unduly influenced, and she, the said Mary Allie Hursey, alleged on information and belief that Emily S. Huntley was at the date of said will, and before and after said date, *non compos mentis.* That said Emily S. Huntley departed this life on the        day of October, 1902. That the said Emily S. Huntley did execute a will on the 15th January, 1900, by which she made this respondent, Mary Allie Hursey, her executrix. That the respondent further alleges:

"That the said M. F. Jackson and Dr. J. E. Hart, both of whom are named as executors in the said pretended will, were acting as the agents of the said Mrs. Emily Huntley at and prior to the time said pretended will was executed,

and the said J. E. Hart was also acting as the physician of
the said Mrs. Emily Huntley, and continued so to act until
her death.    And they, the said M. F. Jackson and J. E. Hart,
taking advantage of the weakness and infirmity of the said
Mrs. Huntley and of their confidential relations towards her,
as respondent is informed and believes, fraudulently con-
spired together to induce and did induce the said Mrs. Emily
Huntley to sign the instrument now set up by the said M. F.
Jackson as the last will and testament of said Mrs. Huntley,
whereby it is claimed that she devised and bequeathed all her
property, both real and personal, to the said M. F. Jackson
and Mrs. Josephine Redfearn Hart, the wife of the said J. E.
Hart.

"III.   That the said pretended will set up by the said M.
F. Jackson is fraudulent, null and void, and the will executed
on the 15th day of January, A. D. 1900, whereby respondent
is constituted the sole executrix, is the true last will and tes-
tament of the said Mrs. Emily Huntley, and your respondent
offered same for probate after the said fraudulent will was
admitted to probate, and it was declined, and your respondent
now desires same probated."

A trial was had in said court of probate, and the re-
sult thereof was that the probate judge of Chesterfield ad-
mitted the will to probate in solemn form on the 1st April,
1903; and on the 3d day of April, 1903, due notice of ap-
peal was served therefrom, raising issues as to the validity of
the will, and on the 4th day of April, 1903, respondents
served upon the attorneys for petitioner notice of motion for
the Court of Common Pleas for an order requiring the whole
issue to be tried by a jury, and proposed the questions raising
the whole issue as set out hereafter.   When the motion was
heard, the presiding Judge of the Court of Common Pleas
ordered the whole issue to be tried by a jury, and that the
same be tried <em>de novo</em>.

From this order the petitioner has appealed upon the fol-
lowing grounds:

"I. The Court erred in holding that, under the Code of

1902, there is a trial *de novo* in the Circuit Court on appeal from the probate court in will contests.

"II. The Court erred in holding that the matter be tried *de novo;* whereas, it is submitted that the jurisdiction is purely appellate and confined to the record as made in the probate court.

"III. The Court erred in holding that the notice of motion for issues had been served within ten days after issue was joined.

"IV. The Court erred in holding that the ten days within which the notice of motion for issues must be served, runs from the date of the service of notice and grounds of appeal from the decision of the judge of probate; whereas, it should be within ten days from the joinder of issue by service of contestant's answer to the petition in probate.

"V. The Court erred in granting an order for trial *de novo,* when no notice of motion for the same was given."

1. We will now examine these grounds of appeal in their order. We do not think there was any error on the part of the Circuit Judge as here complained of. Very certainly, section 60 of the Code of Procedure in the very language thereof authorizes a trial by jury of any issues of fact. The language of this section is as follows: "When such certified copy" (of the proceedings in the probate court from which an appeal has been taken) "shall have been filed in the Circuit Court, such Court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact or title to be decided, *issue may be joined thereon under the directions of the Court,* and a trial thereof had by jury." This section of the Code of this State has been put in practice in a goodly number of cases in this State. It was first recognized (we mean this section of the Code) in the case of *Stewart* v. *Blease,* 4 S. C., 37, which was a case of dower. Chief Justice Moses, in effect, said, that when facts are involved in an appeal from the decision of the probate judge, an isssue may be joined in the Court of Common Pleas, when a trial will be had before a

jury. In *Prater* v. *Whittel,* 16 S. C., 40, which was an appeal taken in a case of will or no will, this Court held that issues of fact shall be tried by a jury or issue framed by the Circuit Judge, though trial of such issue may be had before the Circuit Judge and a trial *de novo* had before a jury. This was a case of will or no will. So, too, in the case of *Ex parte White,* 33 S. C., 442, 12 S. E., 5, which was *not* a contest over will or no will, but on a right of and to administration, reference is made to the plan or procedure of a hearing before a Circuit Judge on an appeal from a decision by the probate court. So, too, in the case of *Ex parte Apeler,* 35 S. C., 417, 14 S. E., 931, when the right of a trial by jury of issues of fact was denied because of irregularities in framing such issues. In *Ex parte Brock,* 37 S. C., 348, 16 S. E., 38, the issues of fact were framed by the Circuit Judge and the trial of such issues were had before a jury. This was a case of will or no will. Chief Justice McIver, in rendering this opinion, referred to what is now section 2493 of the Civil Code of South Carolina as controlling in the matter of whether an executor who propounds the will on an appeal to the Circuit Court has the right to open and close in argument as well as to reply in evidence. This is a part of the act of the year 1839, 11 Stat. at Large, pp. 60-61. So in *Kaufman* v. *Caughman,* 49 S. C., 27 S. E., 16, the trial of issue of will or no will was tried before a jury in an appeal from probate court. So in *Gable* v. *Rauch,* 50 S. C., 95, 27 S. E., 555, whch was an appeal from probate court, the issue of fact was tried before a jury in the Court of Common Pleas. This was a case of will or no will, and this Court then recognized section 2493 of the Civil Code of this State as controlling. We do not see how there could be any limitations upon the trials of issues of fact before juries. It must of necessity be a trial of the whole testimony on these issues of fact. If so, how could there be any other trial than one *de novo?* We overrule this ground of appeal.

2. The error into which the appellant has fallen here is in supposing that the trial *de novo* occurring in the Court of

Common Pleas, where special issues of fact are referred to
the trial by jury, covers anything more than what it imports,
a trial of a special issue or issues of fact. The case of *Baus-
kett* v. *Keitt, supra,* shows the plan of procedure in such
trials. This exception is overruled.

3. We think the issues are framed before the Circuit Judge
upon notice. In this case the notice was served upon the
respondents' attorneys in the court of probate, on the 4th
April, 1903, that an application would be made to the Circuit
Judge for an order framing issues for trial before a jury,
with a copy of said issues. This was done. This exception
is overruled.

4. There is no force in this exception. The notice of is-
sues was given co-equal in point of time with notice of ap-
peal, just after the decision of the probate court herein. It
could not have been dated from the time of service of answer
in the court of probate. There was no issues at that time.
The cases we have cited show that it is a practice as held in
all the cases that the issue be framed by the Circuit Judge.
This exception is overruled.

5. This exception must be overruled. There was no ne-
cessity for the Court *de novo* to be instructed in the notice
to frame issues. Such words, in effect, were included in
the notice given. The law makes the trial of issues *de novo.*
This exception is overruled.

It is the judgment of this Court, that the order appealed
from be affirmed, and the action is ordered to be remitttted to
the Circuit Court for trial.

Mr. Justice Jones *concurring.* I concur. While the
exact question raised in this appeal does not seem to have
been expressly decided, courts and practitioners have here-
tofore generally assumed the law to be as announced in the
opinion of the Chief Justice. The original act of 1839, on
the subject of appeals from probate court, in which the ques-
tion of will or no will was involved, contained the words,
"shall be tried anew," which, of course, authorized a trial

*de novo.* These words have been omitted in subsequent legislation, which is now embodied in sec. 2493, Civil Code, 1902, which provides: "In all trials upon appeal from the probate court, in which the question of will or no will is in issue, the executor or party propounding the will shall be admitted to open the case and reply in evidence and argument." No matter what the decision of the probate court is on appeal, the proponent of the will is still the actor, with right to open and reply in *evidence* and argument. This is wholly inconsistent with ordinary appeals based upon the record below, wherein the appellant is the actor and the appeal heard upon the record below, and can only be construed as authorizing a trial *de novo.*

MR. JUSTICE WOODS *concurring.* I concur. The act of 1839, which provides that on appeals as to probate of wills, "if an issue of fact shall be made up, the same shall be tried anew," was repealed in 1872, and in the statute enacted to take its place the important words, "shall be tried anew," were left out. Since this change a number of cases, which are cited by the Chief Justice, have been before this Court, and the right to a trial *de novo* has been recognized without question. In following this practice, the Court, no doubt, had in view the reason stated by the Chief Justice and Associate Justice Jones in this case.