## *EX PARTE* APELER.

1. APPEALS FROM PROBATE COURT—TRIAL.—Under the practice regulating appeals from the Court of Probate to the Court of Common Pleas, as prescribed by statute and construed by decisions of this court, all issues arising on such appeals must be tried by the court, except that issues may be referred to a jury in the mode prescribed by rule 28 of the Circuit Court. Therefore on an appeal from a decree of the Court of Probate, declaring that a paper offered for probate in solemn form was no will, it was error for the Circuit Court to frame issues and submit them to a jury without notice to appellant, and a judgment based upon a verdict on those issues must be set aside.

2. ORDERS—NOTICE—TELEPHONE.—Orders in the Court of Common Pleas may be granted only after four days' notice in writing to the opposing counsel. Notice by telephone is a verbal notice.

3. NOTICES—COUNSEL—TRIAL.—Counsel for appellant received notice in writing from the respective counsel of two of the respondents, that on February 9, at 5 p. m., testimony of a witness would be taken *de bene esse* before a notary public in the city of Charleston, pursuant to an order of the Circuit Judge, a copy of which was served. On the morn-of the 9th, the counsel for one of these respondents notified appellant's attorney in Charleston that such testimony would not be taken, and that the order authorizing it had not been signed by the judge. *Held*, that the trial was improperly had during the forenoon of the 9th in Berkeley, an adjoining county, for the reason that the notice withdrawing the prior notice was too short, and was not conjointly given by the counsel for the other respondents.

Before NORTON, J., Berkeley, February, 1891.

Petition by J. H. Apeler. The opinion states the case.

*Mr. J. P. K. Bryan*, for appellant.

*Messrs. G. L. Buist* and *W. H. Parker, jr.*, contra.

March 9, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. On the 4th of April, 1890, the petitioner, being thereto required, filed his petition in the Court of Probate for Berkeley County, praying to be allowed to prove the will of his grandmother, M. A. Shier, in due form of law. To this petition, respondents filed their answers, the two

former, Mrs. Hedderly and Mrs. Green, who are the daughters of said M. A. Shier, denying that the paper propounded as the will of the deceased, is her legal and valid will, and the last named, Magnus Shier, who is a son of the alleged testatrix, saying he has no knowledge or information sufficient to form a belief as to the alleged will of his mother, and praying due proof thereof. The judge of probate, who heard the case, rendered his decree, on the 27th day of October, 1890, adjudging that Mrs. M. A. Shier at the date of the alleged will, to wit, 7th of March, 1890, "was in no condition to make her will." From this decree the petitioner in due time, to wit, on the 7th day of November, 1890, gave notice of the appeal to the Court of Common Pleas for Berkeley County, on the several grounds set out in the "Case."

On the 3rd day of February, 1891, a certified copy of the record in the Probate Court was duly filed in the Court of Common Pleas aforesaid, that being the day before the day designated by law for the opening of said court, though the court was not actually opened until the 6th day of February, 1891. On that day (the 6th), appellant's attorney was served with a notice by the attorneys of respondents, Mrs. Hedderley and Mrs. Green, that they would, on the 7th day of February, 1891, apply to the presiding judge "for an order to fix a day for trial of above cause at the ensuing term of the Court of Common Pleas." On the 7th day of February, 1891, on the motion of the attorneys for said respondents, an order was granted by his honor, Judge Norton : "That the said cause be docketed on calendar 1 of causes for trial at this term of the court ;" and on the same day, at 7.30 o'clock p. m., appellant's attorney was served with a notice of the granting of said order. Appellant's attorney was also served on that day, "Saturday evening, February 7th, 1891," with a notice that "pursuant to an order of his honor, Judge Norton, made the 7th February, 1891, whereof a copy is herewith served upon you," the attorneys for said respondents would take the testimony *de bene esse* of a certain witness in the cause, at a designated place in the city of Charleston, "on Monday, the 9th day of February, 1891, at 5 p. m.," before a certain notary therein named. The copy of the alleged order of Judge Norton accompaying this no-

tice, contained a recital that it appeared to the satisfaction of the court that there was good cause why said testimony should be taken on less than ten days' notice.

On the 9th day of February, 1891, at half past nine o'clock a. m., the attorney of appellant received a letter from Mr. Parker, one of the attorneys for the respondent, Mrs. Hedderley (the other attorney being Mr. Buist), stating that the Shier case would be called that morning, and expressing a desire to know whether appellant would then be able to go on with the case. In a postscript, Mr. Parker adds these words: "As to the motion to take testimony of Mrs. Patterson *d. b. e.*, I withdraw the same. The order was not signed by the judge. I left it and understood it was signed, but found that I misunderstood the information as to same. The judge refused it." After the receipt of this letter, and in full time to take the 10 o'clock boat for Mt. Pleasant, the county seat of Berkeley County, the attorney for appellant was notified by Mr. Parker, through the telephone, that his associate, Mr. Buist, was at Mt. Pleasant, and had charge of the Shier case, and as he did not know what Mr. Buist was going to do in the matter, and therefore he would have to go over himself or send some one to represent him. Later in the day, and before said case was called for trial, appellant's attorney was again notified by Mr. Parker through the telephone that he had heard from Mr. Buist, through the telephone, that the case would be pressed to trial.

Soon after the opening of the court, at Mt. Pleasant, on the 9th of February, 1891, at 10 o'clock a. m., the case was called for trial, and neither the appellant nor his counsel appearing, and no excuse for their non-appearance having been rendered, the trial was ordered to be proceeded with. The case was submitted to the jury upon an issue framed by the court, upon the motion of respondents' attorneys, of will or no will, the appellant being required to maintain the affirmative of the issue. The appellant not being represented and no evidence being offered as to the execution of the alleged will, the Circuit Judge charged the jury that in the absence of such evidence, it was their duty to find against the will, and the verdict was rendered in accordance with such instruction, before the hour of four o'clock p. m. of that

day, and the court finally adjourned on the morning of the next day. Due notice of appeal was given "from the rulings of the presiding judge on the trial of this cause on the several grounds set out in the record; and judgment having afterwards been entered upon the verdict, a like notice of appeal was given from the judgment upon same grounds.

It seems to us that the question presented by this appeal involves the consideration of the proper practice in cases of appeal from the Court of Probate to the Court of Common Pleas. That practice is prescribed in sections 57, 58, 60, 61, and 62 of the Code of Procedure. The first of these sections provides that any person aggrieved by any judgment of the Court of Probate may appeal to the Circuit Court, "at the stated session next after such appeal," and that the grounds of appeal shall be filed in the Probate Court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from. The next section provides that the appellant shall file in the Circuit Court a certified copy of the record of the proceedings in the Probate Court, including the notice and grounds of appeal; but prescribes no limit as to the time within which such certified copy shall be filed in the Circuit Court, though, we presume, construing these two sections together, it must be done before "the stated session" of the Circuit Court "next after such appeal." The next section (60) reads as follows: "When such certified copy shall have been filed in the Circuit Court, such court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact or title to land to be decided, issue may be joined thereon under the direction of the court, and a trial thereof had by a jury." The provisions of the other two sections—61 and 62—throw no light upon the questions presented by this appeal, and therefore need not be further noticed.

It seems to us that these statutory provisions, as construed by the cases of *Lucken* v. *Wichman*, 5 S. C., 411; *Prater* v. *Whipple*, 16 *Id.*, 40; *Rollin* v. *Whipper*, 17 *Id.*, 32; and *Ex parte White*, 33 S. C., 442, cited by counsel for appellant (to which we may add *Stewart* v. *Blease*, 4 S. C., 37), do not confer the right of trial by jury of every issue of fact presented by an appeal

from a decree of the judge of probate, but only recognizes the right to such a mode of trial of those issues required to be so tried (unless such right is waived) by section 274 of the Code; but that, as provided in section 275 of the Code, "Every other issue is triable by the court," subject, however, to the right of the court to refer any issue to a jury. Now, as this was not an action "for the recovery of money only, or of specific real or personal property," it is very obvious that neither party had a right to a trial by jury of any of the issues presented by the appeal from the decree of the judge of probate. And if either party desired that mode of trial, it could only have been obtained by pursuing the course prescribed by rule 28 of the Circuit Court, which was not done in this case. We must hold, therefore, that it was error on the part of the Circuit Judge to grant the order on the motion of respondents' attorneys, without notice of any kind to the appellant's attorney, framing an issue and referring the same for trial to the jury, and consequently that the judgment entered upon their verdict should be set aside.

This would be sufficient to dispose of the case; but as there are other questions of practice presented which it may be important to determine, we will proceed to consider them briefly. The Code, in section 408, requires all notices to be "*in writing*," and in section 403 it is provided that the notice shall be served four days before the time appointed for the hearing, unless the court or judge shall, "by an order to show cause, prescribe a shorter time." These provisions were not fully complied with in a single instance where an application to the court for an order was made, and hence all such orders were improperly granted, and should be set aside. The telephone messages cannot be regarded as anything more than *verbal* notices; and for this reason, as well as for the reason that they were given too short a time before the action to which they referred was taken, cannot avail the respondents anything, except to show good faith on the part of counsel for respondent who gave them.

Again, in view of the notice which appellant's counsel had received from the counsel for both Mrs. Hedderley and Mrs. Green, that they proposed to take testimony in the city of Charleston, on the 9th of February, 1891, at 5 o'clock

p. m., accompanied by what purported to be a copy of an order of the court to that effect, the trial of the case on the same day at Mt. Pleasant, *before the hour* appointed for taking such testimony,, could not properly be had. The fact that appellant's counsel received notice in Charleston from the counsel of one of the respondents half an hour before the leaving of the boat for Mt. Pleasant (which seems to be the only means of transportation between the two places), that the notice to take the testimony was withdrawn by him, and that the order authorizing it had not in fact been signed by the judge, though the counsel undoubtedly so supposed at the time the notice was given, cannot avail the respondents for two reasons: 1st. Because the notice was too short. 2nd. Because it was not withdrawn by the counsel for the other respondent, Mrs. Green.

The judgment of this court is, that the judgment and orders of the Circuit Court, which have been appealed from, be reversed, and that the case be remanded to that court for a new trial.