22456

Mary Honora WESLEY-BURKE, Respondent v.
Peter WESLEY-BURKE, Appellant.

(339 S. E. (2d) 512)

Supreme Court

*William C. Cleveland*, of *McKay & Guerard*, Charleston, *for appellant.*

*Jane A. McFaddin*, Charleston, *for respondent.*

Heard Jan. 6, 1986.

Decided Jan. 30, 1986.

HARWELL, Justice:

In this divorce action, appellant contends that the lower court erred in lifting a stay and granting a divorce when the appellant had not received proper notice. We agree and reverse the decree of the family court.

The respondent wife instituted a divorce action against the appellant husband in Pennsylvania. In 1981, the wife and child moved to South Carolina. The wife filed for divorce in South Carolina in 1983. The husband was not a resident of South Carolina and had no contacts with this state.

The family court judge stayed the South Carolina action in order for the divorce proceedings in Pennsylvania to continue. The order gave the wife the right to move for dissolution of the stay upon a showing that no substantial ruling on the merits had been made within a reasonable time in Pennsylvania. Less than three months later, this matter came up on the family court docket for a 15 minute hearing. At the time of the hearing, the stay of the divorce action was in effect. No oral, written, or other motion to lift the stay had been made by the wife. At the hearing, the judge entertained and granted the wife's oral motion to lift the stay. The wife was granted a divorce on the ground of one year's separation.

Due to the lack of notice, the husband did not contest the grounds of the divorce or seek equitable division, alimony, or other relief. After the South Carolina divorce was granted, the wife moved to dismiss all matters pending in Pennsylvania. The husband's claim for equitable division, which had been pending in the Pennsylvania court, was dismissed.

The sole issue on appeal is whether the judge erred in lifting the stay and granting the divorce without any notice of the motion to lift the stay. We hold that he did and accordingly reverse.

Pursuant to Family Court Rule 3.5, the Rules of Practice for the Circuit Courts of South Carolina are applicable to all domestic relations actions and related proceedings in the family courts. Circuit Court Rule 56, which was in effect at

the time of this action,[1] specifically states that "all motions shall be brought before the court on a notice or by an order to show cause. . . ." South Carolina Code Section 15-27-370 specifically requires that a notice of motion shall be given four days before the hearing on the subject of the motion. "When a notice of a motion is necessary, it must be served four days before the time appointed for the hearing. But the court or judge may by an order to show cause prescribe a shorter time." S. C. Code Ann. § 15-27-370 (1976).

In this case there was no rule to show cause shortening the time for the motion. Circuit Court Rule 56 specifically provides that such an order to show cause shall only be granted when "a special reason for notice; less than four days, appears on the papers presented; and the party shall in his affidavit, state the present conditions of the action, and whether at issue."

There was no notice of motion to lift the stay and no supporting affidavit showing any reason why the husband should not be given at least four days notice and an opportunity to be heard on the issue of whether the stay should be lifted. When orders are issued on motions without proper notice, they are improperly presented and should be set aside. *Ex parte Apeler*, 35 S. C. 417, 14 S. E. 931 (1892); *State v. Parker*, 7 S. C. 235 (1875). The husband was entitled to notice before the stay was lifted. The decree of the family court is reversed and remanded with leave for the appellant to amend his answer.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.

---

[1] Circuit Court Rule 56 was repealed in July 1985, and replaced with South Carolina Rule of Civil Procedure 7(b).