United States Court of Appeals,

Eleventh Circuit.

No. 97-6966

Non-Argument Calendar.

FIRST FRANKLIN FINANCIAL CORP., Plaintiff-Appellant,

v.

Gary MCCOLLUM, Defendant-Appellee.

June 8, 1998

Appeal from the United States District Court for the Northern District of Alabama. (No. CV 97-AR-2567-M), William M. Acker, Jr., Judge.

Before COX, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

1st Franklin Financial Corporation appeals from the dismissal of its petition to compel Gary McCollum to participate in arbitration, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 3-4. McCollum sued 1st Franklin and one of its former employees, Kevin Dingle, in the circuit court of Etowah County, Alabama, alleging several fraud-related claims arising from a loan transaction. Eighteen days after McCollum sued, 1st Franklin filed concurrent petitions in the Etowah County circuit court and in federal district court to force McCollum to arbitrate his claims pursuant to an arbitration clause in the loan agreement and a separate arbitration agreement. The district court dismissed the petition without prejudice, abstaining "[u]nder principles of comity and federalism." (R.-9, at 2.) 1st Franklin represents that (as of the date of its opening brief) the state court has not ruled on the motion to compel arbitration. 1st Franklin now appeals the dismissal. Abstentions such as this are reviewed for abuse of discretion. *See Moses H. Cone Mem. Hosp. v.*

*Mercury Constr. Corp.,* 460 U.S. 1, 19, 103 S.Ct. 927, 938, 74 L.Ed.2d 765 (1983). We vacate and remand.

A threshold issue McCollum raises is whether the district court had subject matter jurisdiction. As McCollum correctly points out, the FAA alone does not supply jurisdiction, *see id.* at 25 n. 32, 103 S.Ct. at 942 n. 32, and no federal question appears in this action. It appears that diversity jurisdiction exists, however, because the petition here (without contradiction) describes the petitioner as a corporation organized under Georgia law with its principal place of business in Georgia, names the respondent as a citizen of Alabama, and claims an amount in controversy exceeding $75,000. That plainly satisfies 28 U.S.C. § 1332's demands. *See* 28 U.S.C. § 1332(a)(1), (b), (c)(1).

McCollum asserts to the contrary first that diversity jurisdiction is lacking because the state-court action is not removable due to Dingle's Alabama citizenship. We disagree. As a matter of both § 1332's language and common sense, whether another action is removable or not does not affect jurisdiction in this, an independent action. Furthermore, McCollum's sole authority for this proposition is both weak and distinguishable. McCollum relies on a footnote in *Ultracashmere House, Ltd. v. Meyer,* 664 F.2d 1176, 1181 n. 6 (11th Cir.1981), which observes that "[t]he [underlying] action was removable under 28 U.S.C. § 1441 on the basis of diversity of citizenship; were it not, this court would clearly be without jurisdiction to entertain the present proceeding." First, this language does not state a rule that an action must be removable in order for a district court to have jurisdiction to compel parties to the action to arbitrate. Rather, it seems more like an observation in support of the court's conclusion in that case that abstention was appropriate, it appearing that the arbitration petition was an eleventh-hour end-run around legitimate state-court

2

rulings. *See id.* at 1181. And the observation was perfectly true in that case, because there were the same two parties in both the underlying action and the action seeking to compel arbitration. Thus, if diversity was lacking in the state-court action, it would be lacking in the federal-court action as well. Here, of course, the observation is not true. The state-court action has three parties, but only two are parties to this action seeking an order compelling arbitration. It is perfectly consistent, therefore, for removal jurisdiction to lack in one, but subject matter jurisdiction to be present in the other.

McCollum makes a second, related contention based on a phrase taken out of context from *Moses H. Cone.* There, the Court mentioned that for a federal court to have jurisdiction over a petition to compel arbitration, it must have jurisdiction over the "underlying dispute." 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32. Again, this statement, while controlling, does not imply a lack of federal subject matter jurisdiction here. The "underlying dispute" that 1st Franklin seeks to arbitrate is not McCollum's quarrel with 1st Franklin's codefendant Dingle, but McCollum's quarrel with 1st Franklin. Although 1st Franklin accuses McCollum of suing Dingle just to defeat removal, for present purposes we assume that McCollum honestly believes that Dingle is for some reason independently liable to McCollum. So there are two "underlying disputes," McCollum v. Dingle and McCollum v. 1st Franklin, even though both may arise from the same transaction. 1st Franklin seeks to arbitrate only McCollum v. 1st Franklin, and there is undoubtedly diversity in that underlying dispute. There is, therefore, federal subject matter jurisdiction over the petition.

Once such jurisdiction exists, federal courts have a "virtually unflagging obligation" to exercise it. *Moses H. Cone,* 460 U.S. at 15, 103 S.Ct. at 936 (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976),

3

in turn quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). That means that dismissal is warranted in light of a concurrent state court action only when a balancing of relevant factors, "heavily weighted in favor of the exercise of jurisdiction," shows the case to be exceptional. *See id.* at 16, 103 S.Ct. at 937; *see American Bankers Ins. Co. v. First State Ins. Co.,* 891 F.2d 882, 884 (11th Cir.1990). In this case, the factors weigh almost identically as they did in *Moses H. Cone.* That case, therefore, requires us to conclude that the district court abused its discretion.

*Colorado River* and *Moses H. Cone* identify six factors relevant to whether a federal court should exercise concurrent jurisdiction when a parallel state action is pending. *See American Bankers Ins. Co.,* 891 F.2d at 884. The parties agree that two (relative convenience of the fora and whether one court has established jurisdiction over property) are irrelevant here. That leaves four factors, and as in *Moses H. Cone* they point to exercising jurisdiction. The first is the potential for piecemeal litigation. *Moses H. Cone,* 460 U.S. at 19-20, 103 S.Ct. at 939. McCollum makes much of this, but here as in *Moses H. Cone* the factor has "no force." *Id.* The federal proceeding has only two possible outcomes: an order compelling arbitration, or an order refusing to compel arbitration and dismissing the petition. *See* 9 U.S.C. § 4. No piecemeal litigation of the merits can occur either way, *see Snap-On Tools Corp. v. Mason,* 18 F.3d 1261, 1267 (5th Cir.1994), and even if arbitration results, that is piecemeal litigation that the parties and federal policy have together made mandatory. *See Moses H. Cone,* 460 U.S. at 20, 103 S.Ct. at 939.

The second factor, the order in which the tribunals obtained and exercised jurisdiction, also weighs against discretionary dismissal. Although McCollum filed the state court action about three weeks before 1st Federal filed its federal-court petition, there is no suggestion in the record that 1st

4

Federal could have done so much earlier than that, *cf. id.* at 21, 103 S.Ct. at 939-40, or that 1st Federal could have known before McCollum sued in state court that he would not honor the arbitration agreement. Furthermore, no activity had occurred in state court before the filing of the federal petition or even before the district court ruled. As in *Moses H. Cone,* "[i]n realistic terms, the federal suit was running well ahead of the state suit at the very time the District Court decided to refuse to adjudicate the case." *Id.* at 22, 103 S.Ct. at 940. Indeed, because the state court had not acted, 1st Federal's filing of a similar petition in state court simultaneously with this petition—a fact that arguably might distinguish this case from *Moses H. Cone*—is of little moment.

The third factor, the law to be applied, also points to exercising jurisdiction. The petition was brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 3-4, and thus any legal interpretation will be of federal law. As in *Moses H. Cone,* the law to be interpreted does not supply the extraordinary circumstance required for a federal court to refuse to exercise jurisdiction. *See id.* at 26-27, 103 S.Ct. at 942.

The fourth factor, the adequacy of the state court to protect 1st Federal's rights, brings up what may be the only material difference between this case and *Moses H. Cone.* The *Moses H. Cone* Court noted that state-court procedures there were not adequate to protect the rights of the party seeking arbitration. In particular, the Court worried that the language of 9 U.S.C. § 4, which requires a "United States district court" to compel arbitration in certain circumstances, would on its face seem not to apply in state court. *See id.* at 27, 103 S.Ct. at 942. The U.S. Supreme Court did not answer the question of § 4's applicability, but the Alabama Supreme Court has accepted that an Alabama court may compel arbitration under § 4, as long as the underlying transaction involves interstate commerce. *See, e.g., Old Republic Ins. Co. v. Lanier,* 644 So.2d 1258, 1260 (Ala.1994).

5

Thus, state court remedies may be adequate here. But there are counterconsiderations. First, the state court has apparently not ruled on 1st Federal's motion, effectively undermining the federal policy embodied in the FAA in favor of swift enforcement of arbitration agreements. *See Moses H. Cone,* 460 U.S. at 22, 103 S.Ct. at 940. Second, the *Moses H. Cone* test permits abstention only when some factor weighs heavily in favor of relinquishing jurisdiction. *See American Bankers Ins. Co.,* 891 F.2d at 884. The mere fact that 1st Federal may possibly get relief at some point from the state court does not provide the "clearest of justifications," *Moses H. Cone,* 460 U.S. at 25, 103 S.Ct. at 942, needed to warrant refusing to exercise jurisdiction.

In short, this case is so close to *Moses H. Cone,* and the factors here weigh sufficiently against abstention, that the district court abused its discretion in abstaining.

For the foregoing reasons, the dismissal is vacated and the action is remanded for further proceedings.

VACATED AND REMANDED.