[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/24/98
THOMAS  K. KAHN
CLERK

No. 97-7005
Non-Argument Calendar

D. C. Docket No. 97-0967-AH-M

METROPOLITAN LIFE,

Plaintiff-Appellant,

versus

BRUCE E. LOCKETTE,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Alabama

**(September 24, 1998)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

I.

The litigation in this case began on April 16, 1997, when respondent, a former employee of petitioner, brought suit in the Mobile County, Alabama, Circuit Court against petitioner and three present or former employees of petitioner.  The complaint in that case contains six causes of action, all arising out of respondent's employment with petitioner.

Respondent brought this state court action in violation of a binding arbitration agreement that he made with petitioner.  That agreement requires that he submit to arbitration any dispute arising out of his employment with petitioner.   In an effort to compel respondent to arbitrate the claims asserted in his state court suit, petitioner filed a petition to compel arbitration in the Mobile Division of the United States District Court for the Southern District of Alabama.  The petition invoked the district court's authority to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4.[1]

On November 4, 1997, before any responsive pleading had been filed by respondent, the district court decided to abstain from the exercise of jurisdiction "in favor of the state court's sole exercise of jurisdiction," and, acting sua sponte, issued an order dismissing the petition. After the district court denied petitioner's motion to alter judgment, petitioner lodged this appeal.[2]

---

[1] The petition alleged that the district court had subject matter jurisdiction under 28 U.S.C. § 1332, because of the diversity of citizenship existing between petitioner and respondent.

[2] Petitioner submits that we should employ the de novo standard of review in deciding this case.  The standard for reviewing a district court's exercise of Colorado River abstention, however, see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct.

2

We reverse.

II.

>Abstention from the exercise of federal jurisdiction is the exception, not the rule. 'The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'

Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89, 79 S.Ct. 1060, 1062-63, 3 L.Ed.2d 1163 (1959).

>'In assessing the appropriateness of dismissal [pursuant to the abstention doctrine] in the event of an exercise of concurrent jurisdiction, a federal court may . . . consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. Only the clearest of justifications will warrant dismissal.'

Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 15-16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983), quoting Colorado River, 424 U.S. at 818-819, 96 S.Ct. at 1246-47 (citations omitted). In our view, the district court, in balancing these factors, failed to

---

1236, 47 L.Ed.2d 483 (1976), is abuse of discretion. See Transouth Fin. Corp v. Bell, 149 F.3d 1292, 1294 (11th Cir. 1998); First Franklin Fin. Corp. v. McCollum, 144 F.3d 1362, 1363 (11th Cir. 1998). We note that our decision in this case would be the same under either standard.

give proper weight to its "obligation to exercise jurisdiction." In particular, the court apparently overlooked the fact that Moses Cone is on all fours with the case at hand and, thus, controlled its decision.[3]

Moses Cone involved a dispute arising out of the performance of a construction contract. The litigation began, as here, in state court, when the owner, a hospital, sued its contractor and its architect. The contract between the hospital and the contractor contained an arbitration clause that bound those parties to arbitrate the dispute. The architect, however, was not a party to that agreement; thus, he was amenable to suit by the hospital.

Like the petitioner did in the instant case, the contractor filed a petition in federal district court under Section 4 of the FAA to compel arbitration.[4] The hospital moved the court to abstain from exercising its jurisdiction because, as here, the issue whether the controversy was arbitrable was also before the state court. The district court granted the motion, and the contractor appealed.

The court of appeals, sitting en banc, reversed the district court's ruling and remanded the case with the instruction that the district court order arbitration. Mercury Construction Corporation v. Moses H. Cone Memorial Hospital, 656 F.2d 933, rehearing denied, 664 F.2d 936 (4th Cir. 1981). On certiorari, the Supreme Court affirmed. Addressing what appears to have

---

[3] Moreover, we have twice recently had cause to address this very issue. See Transouth Fin. Corp., 149 F.3d at 1293 (finding that district court abused its discretion by refusing to exercise jurisdiction over action brought to compel arbitration); First Franklin Fin. Corp., 144 F.3d at 1365 ("In short, this case is so close to [Moses Cone] . . . that the district court abused its discretion in abstaining.").

[4] The contractor predicated the district court's subject matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332.

4

been the main reason why the district court in the instant case abstained – the avoidance of the piecemeal litigation that would result if respondent's claims against the individual defendants were resolved in state court while his claims against petitioner were resolved in federal court (if arbitration were ordered) -- the Supreme Court said this:

> The Hospital points out that it has two substantive disputes here – one with Mercury, concerning Mercury's claim for delay and impact costs, and the other with the Architect, concerning the Hospital's claim for indemnity for any liability it may have to Mercury.  The latter dispute cannot be sent to arbitration without the Architect's consent, since there is no arbitration agreement between the Hospital and the Architect.  It is true, therefore, that if Mercury obtains an arbitration order for its dispute, the Hospital will be forced to resolve these related disputes in different forums.  That misfortune, however, is not the result of any choice between the federal and state courts; it occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement.  <u>Under the [FAA], an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement</u>.  If the dispute between Mercury and the Hospital is arbitrable under the Act, then the Hospital's two disputes will be resolved separately – one in arbitration, and the other (if at all) in state-court litigation.  Conversely, if the dispute between Mercury and the Hospital is not arbitrable, then both disputes will be resolved in state court.  But neither of those two outcomes depends at all on which court decides the question of arbitrability.  Hence, a decision to allow that issue to be decided in federal rather than state court does not cause piecemeal resolution of the parties' underlying disputes.  Although the Hospital will have to litigate the arbitrability issue in federal rather than state court, that dispute is easily severable from the merits of the underlying disputes.

<u>Moses Cone</u>, 460 U.S. at 19-20, 103 S.Ct. at 939.  Here, respondent's claims against the individual defendants in the state court suit are "easily severable from the merits of" respondent's dispute with petitioner.  Moreover, as the petition to compel arbitration asserts, "the

5

remaining defendants in the underlying Circuit Court action . . . are not indispensable parties to the determination of arbitrability by this Court."

III.

In conclusion, we REVERSE the district court's order dismissing petitioner's petition to compel arbitration, and instruct the district court, on receipt of our mandate, to grant the relief the petition seeks.

SO ORDERED.