**Edward B. THOMPSON, Plaintiff,**

v.

**VICTORIA FIRE & CASUALTY COMPANY and Farmers Insurance Exchange, Defendants.**

No. 8:98–3470–20.

United States District Court,
D. South Carolina,
Anderson Division.

Jan. 15, 1999.

Dana C. Mitchell, III, Hal W. Roach, Greenville, SC, for plaintiff.

Michael J. Giese, Charles F. Turner, Jr., Greenville, SC, for defendants.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion of the plaintiff, Edward B. Thompson ("Thompson"), to remand the case to state court. For the reasons stated below, the court denies Thompson's motion.

### I. Statement of the Case

Thompson originally brought three claims against the defendants, Victoria Fire & Casualty Co. ("Victoria") and Farmers Insurance Exchange ("Farmers"), in the South Carolina Court of Common Pleas. These claims were for breach of contract, bad faith failure to pay insurance benefits, and negligent failure

to pay insurance benefits. Thompson sought actual damages in the amount of $25,000.00, consequential damages, punitive damages, attorneys' fees, and costs against each defendant. The complaint was served on the defendants on October 26, 1998.

On November 3, 1998, before any responsive pleadings were filed, Thompson mailed an amended complaint to the state court, which the court stamped on November 16, 1998. The amended complaint withdrew the bad faith and negligence claims and alleged only breach of contract. On November 25, 1998, Victoria filed a notice of removal. On December 30, 1998, Thompson finally served the amended complaint on the defendants. The parties now dispute whether the amount in controversy warrants removal to federal court.

## II. Discussion of the Law

### 1. Determining the Amount in Controversy

The first determinative issue is whether the amount in controversy should be calculated based upon the original or upon the amended complaint. It appears that the amount in controversy under the amended complaint is only $50,000.00, whereas there is no dispute that the amount in controversy under the original complaint exceeds $75,-000.00. Thus, if the original complaint is the appropriate basis for determining the amount in controversy, the court has diversity jurisdiction.

 The court should examine the complaint at the time of removal in order to determine the amount in controversy. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845 (1938) ("Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal."); Hicks v. Universal Housing, Inc., 792 F.Supp. 482, 484 (S.D.W.Va.1992) ("The courts have long held that the question of jurisdictional amount for purposes of removal is controlled by the allegations of plaintiff's complaint as those allegations exist at the time the petition for removal is filed."). The complaint in effect at the time of removal was the original complaint because the amended complaint, although filed with the state court, had yet to be served on the defendants as required by

Rule 5 of the South Carolina Rules of Civil Procedure. See S.C.R.Civ.P. 5(a) ("[E]very pleading subsequent to the original summons and complaint ... shall be served upon each of the parties...."); id. at 5(d) ("All papers required to be served upon a party ... shall be filed with the court within five (5) days after service thereof...." (emphasis added)). To hold otherwise would obviate the service requirement of Rule 5. Cf. S.C.R.Civ.P. 5 note ("Rule 5(a) is substantially the same as [the] Federal Rule...."); International Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d Cir.1977) (holding that an amended complaint, when required to be served under Rule 5(a) of the Federal Rules of Civil Procedure, does not supersede the original complaint until it is served); In re Crazy Eddie Sec. Litig., 948 F.Supp. 1154, 1164 (E.D.N.Y. 1996) ("Courts have refused to give effect to amended complaints not properly served in accordance with Rule 5(a)." (gathering cases)). Thus, it is necessary to examine the original complaint in order to determine the amount in controversy, and there is no dispute that the amount in controversy under the original complaint exceeds $75,000.00. As a result, diversity jurisdiction exists.

In conjunction with the above issue, it is irrelevant that Thompson told the defendants prior to filing the amended complaint that he intended to amend the complaint in order to withdraw the negligence and bad faith causes of action. Verbal notice does not satisfy the service requirement of Rule 5(a). See In re Shier's Estate, 35 S.C. 417, 14 S.E. 931 (S.C. 1892) (holding that verbal notice does not satisfy the notice requirements of a predecessor to Rule 5(a)). Furthermore, a defendant who intends to file a notice of removal must do so within thirty days of being served with the initial complaint. See 28 U.S.C. § 1446. Thompson served the defendants with the initial complaint on October 26, 1998. Victoria filed the notice of removal on November 25, 1998, which was the thirtieth day after service. It would be untenable to expect Victoria to waive its right to remove simply because Thompson's attorney orally stated an intention to drop various claims. Neither would it be tenable to expect Victoria to realize, not having been served, that the amended complaint had been mailed to

the state court on November 3, 1998, and stamped on November 16, 1998. *Cf.* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1141, at 402 (1987) ("Rule 5 ... seeks to insure a full exchange of the written communications among the litigants so that each party has a copy of all papers affecting him; as a result, constant reference to the file in the clerk's office is rendered unnecessary.").

### 2. Post–Removal Events

■ The second determinative issue is whether the amended complaint, assuming it reduces the amount in controversy to $75,000.00 or less, destroys the court's diversity jurisdiction. The law is clear that post-removal events, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, do not deprive a federal court of diversity jurisdiction. *See St. Paul Mercury,* 303 U.S. at 294, 58 S.Ct. 586. Thus, Thompson could not amend his complaint after removal in order to accomplish a remand to state court.

### III. Conclusion

In conclusion, the court looks to the record at the time of removal in order to determine whether diversity jurisdiction exists. The amended complaint was not a part of this record because it was not served upon the defendants at the time of removal. The original complaint seeks punitive damages in addition to $25,000.00 actual damages against each defendant, and the court is satisfied that the amount in controversy exceeds $75,000.00. *Cf. Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943) (holding that punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages). It also is uncontroverted that the parties are citizens of different states. As a result, the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal pursuant to 28 U.S.C. § 1441 is appropriate.

Therefore, it is

**ORDERED** that plaintiff's motion to remand is denied.

**IT IS SO ORDERED.**