## AMERICAN HEALTH AND LIFE INSURANCE CO., Plaintiff,

v.

## Daniel HEYWARD, Defendant.

### No. CIV.A. 2:02–3750–18.

United States District Court, D. South Carolina, Charleston Division.

July 17, 2003.

Benjamin Rush Smith, III, Don Lawrence Kristinik, III, Thad H. Westbrook, Columbia, SC, for Plaintiff.

Mary Leigh Arnold, Charleston, SC, for Defendant.

## MEMORANDUM OPINION AND ORDER

NORTON, District Judge.

This matter is before the court on defendant's motion to dismiss plaintiff's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion is granted.

## I. Background

In this action, plaintiff American Health and Life Insurance Co. ("American") is seeking to compel arbitration of a suit filed against it in state court by defendant Daniel Heyward ("Heyward"). In the underlying state court case, Heyward alleges several state law causes of action against American and other defendants arising out of a consumer loan transaction. As part of this transaction, Heyward and his now deceased wife, Barbara Heyward, were sold a life insurance product offered by American. Heyward signed a note that contained an arbitration clause providing that any dispute would be arbitrated in accordance with the Federal Arbitration Act ("FAA"). After Heyward filed his complaint in state court, American filed this action seeking to compel arbitration under the FAA pursuant to 9 U.S.C.A. §§ 3 and 4 (West 2003). Heyward then filed this motion to dismiss.

## II. Legal Analysis

### A. Subject Matter Jurisdiction

Heyward has moved to dismiss American's Complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. "While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *Southland Corp. v. Keating,* 465 U.S. 1, 16 n. 9, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). "Section 4 [of the FAA] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 26 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The parties dispute whether this court has independent diversity jurisdiction under 28 U.S.C. § 1332.

First, Heyward argues that this court does not have diversity jurisdiction because the parties are not of diverse citizenship. It is undisputed that the named parties to this action, American and Heyward, are of diverse citizenship: American is a Texas corporation and Heyward is a South Carolina citizen. (Compl. at 1–2.) Yet Heyward contends that there is no diversity jurisdiction because the underlying state court action contains non-diverse defendants. Courts addressing this issue have held that the presence of a non-diverse co-defendant in an underlying state court action does not deprive the federal court of diversity jurisdiction over a diverse party's action in federal court to compel arbitration. *Circuit City Stores, Inc. v. Najd,* 294 F.3d 1104, 1106 (9th Cir.2002); *First Franklin Fin. Corp. v.*

*McCollum,* 144 F.3d 1362, 1363–64 (11th Cir.1998). American is not seeking in this case to arbitrate Heyward's dispute with the other defendants in the underlying action. *See Franklin,* 144 F.3d at 1364. Rather, American is seeking to arbitrate only its dispute with Heyward. *See id.* Accordingly, although there are multiple disputes in the underlying state court case, American is only seeking to arbitrate its dispute with Heyward in this arbitration action, and therefore American and Heyward are the relevant parties for purposes of determining whether this court has diversity jurisdiction. *See id.*

■■■ Second, Heyward argues that even though American and Heyward are of diverse citizenship, the requisite $75,000 amount in controversy under § 1331 is not satisfied because Heyward's claim for actual damages in the underlying state court action is only $69,436.29. However, Heyward has also sought punitive damages, which must be included in the calculation of the amount in controversy. *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943). The precise standard for determining the amount in controversy of an unspecified damage claim has not been determined in this circuit. *See Rota v. Consolidation Coal Co.,* 175 F.3d 1016, 1999 WL 183873, *1 n. 4 (4th Cir.1999) (UNPUBLISHED TABLE DECISION) (noting possible standards of "preponderance of the evidence," "legal certainty," "reasonable probability," and "inverse legal certainty"); *Jones v. Allstate Ins. Co.,* 258 F.Supp.2d 424, 428 (D.S.C.2003). Heyward's claim for $69,436.29 in actual damages plus punitive damages exceeds $75,000 under any of these proposed standards. *See Thompson v. Victoria Fire Cas. Co.,* 32 F.Supp.2d 847, 849 (D.S.C.1999) (holding that amount in controversy was satisfied by claim for $25,000 in actual damages and claim for

punitive damages). Thus, this court has diversity jurisdiction under 28 U.S.C. § 1332.

## B. The McCarran–Ferguson Act

■■■ Heyward has also moved to dismiss American's Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Heyward argues that American may not compel arbitration of his claim because the South Carolina Uniform Arbitration Act "reverse preempts" the FAA under the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015 (West 2003). The McCarran–Ferguson Act declares that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, ... unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b). "The McCarran–Ferguson Act thus precludes application of a federal statute in face of state law 'enacted ... for the purpose of regulating the business of insurance,' if the federal measure does not 'specifically relat[e] to the business of insurance,' and would 'invalidate, impair, or supersede' the State's law." *Gross v. Weingarten* 217 F.3d 208, 222 (4th Cir.2000) (quoting *Humana, Inc. v. Forsyth,* 525 U.S. 299, 307, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999)). The state law at issue is the South Carolina Uniform Arbitration Act's provision that "[t]his chapter however shall not apply to ... any insured or beneficiary under any insurance policy or annuity contract." S.C.Code § 15–48–10(b)(4) (West 2003).

■■■ The first issue is whether § 15–48–10(b)(4) was "enacted for the purpose of regulating the business of insurance."[1] 15 U.S.C. § 1012(b). The South Carolina Court of Appeals recently addressed this precise question and concluded that S.C.Code § 15–48–10(b)(4) was a state law

---

1. The FAA does not "specifically relate to the business of insurance."

enacted for the purpose of regulating the business of insurance and therefore "reverse preempts" the FAA through application of the McCarren–Ferguson Act. *Cox v. Woodmen of the World Ins. Co.*, 347 S.C. 460, 556 S.E.2d 397, 399–402 (2001).[2] Moreover, at least two federal courts of appeals have recently held that the FAA is reverse-preempted under similar state arbitration statutes. *Standard Sec. Life Ins. Co. of N.Y. v. West*, 267 F.3d 821 (8th. Cir.2001) (holding that FAA was reverse-preempted under McCarran–Ferguson Act by the Missouri Arbitration Act's prohibition on arbitration clauses in insurance contracts); *Mut. Reinsurance Bureau v. Great Plains Mut. Ins. Co.*, 969 F.2d 931, 934 (10th Cir.1992) (same under Kansas Arbitration Act). As explained by the court in the *Cox* opinion, some courts have held that state anti-arbitration statutes are not reverse-preempted under the McCarren–Ferguson Act because they do not regulate the "business of insurance"; however, the state anti-arbitration statutes at issue in those cases limited arbitration clauses generally and did not specifically exempt *insurance* arbitration clauses. 556 S.E.2d at 401 (distinguishing *Hamilton Life Ins. v. Republic Nat'l Life Ins. Co.*, 408 F.2d 606 (2d Cir.1969) and *Woodmen of the World Life Ins. Soc'y v. White*, 35 F.Supp.2d 1349 (M.D.Ala.1999)). Therefore, this court concludes that S.C.Code § 15–48–10(b)(4) was "enacted ... for the purposes of regulating the business of insurance" because it exempts insurance contracts from arbitration.

Second, American argues that compelling arbitration in this case under the FAA would not "invalidate, impair, or supersede" S.C.Code § 15–48–10(b)(4) because this provision should not be interpreted as prohibiting the enforcement of arbitration clauses in insurance policies. 15 U.S.C. § 1012(b). Instead, American argues that by stating that "this chapter shall not apply" to insurance policies, S.C.Code § 15–48–10(b)(4) simply makes inapplicable the various rights and duties imposed by the South Carolina Uniform Arbitration Act (e.g. the requirement that the arbitration clause be in typed, underlined capital letters on the front page of the policy). Although the court in *Cox* did not specifically address American's interpretation of S.C.Code § 15–48–10(b)(4), its conclusion that S.C.Code § 15–48–10(b)(4) "reverse preempts" the FAA necessarily assumes that § 15–48–10(b)(4) prohibits the enforcement of arbitration clauses in insurance policies under South Carolina law. 556 S.E.2d at 397–402. The interpretation of the meaning of S.C.Code § 15–48–10 is a question of state law and therefore this court must defer to the state court's decision in *Cox*. Thus, by providing that the South Carolina Uniform Arbitration Act "does not apply" to arbitration clauses contained in insurance policies, S.C.Code § 15–48–10(b)(4) prohibits the enforcement of arbitration clauses in insurance policies under South Carolina law. Accordingly, because S.C.Code § 15–48–10(b)(4) was "enacted ... for the purpose

---

**2.** *Cox* is not binding on this court because the interpretation of the scope of preemption under the McCarran–Ferguson Act, a federal statute, is ultimately a question of federal law. However, the South Carolina court's holding that S.C.Code § 15–48–10 was enacted for the purpose of regulating the business of insurance is particularly persuasive authority because interpretation of the McCarran–Ferguson Act requires the interpretation of state law.

Further, as American correctly points out, the *Cox* court's discussion of reverse-preemption under the McCarren–Ferguson Act technically is *dicta* because the court ultimately determined that the "arbitration exception" in S.C.Code § 15–48–10(b)(4) did not apply to the "fraternal benefits association" at issue in that case. 556 S.E.2d at 468–69. Nonetheless, this court agrees with the state court's reverse-preemption discussion and adopts it in this case.

of regulating the business of insurance," the McCarren–Ferguson Act precludes the application of the FAA to arbitration clauses contained in insurance policies governed by South Carolina law. 15 U.S.C. § 1012(b).

Finally, American argues that S.C.Code § 15–48–10 does not apply to Daniel Heyward because he is not an "insured or beneficiary" under the American life insurance policy. American argues that Heyward's wife, Barbara Heyward, was the "insured" and CitiFinancial was the "beneficiary" under the policy. According to the pleadings, the American life insurance policy at issue provided that Daniel and Barbara Heyward would repay certain debts to CitiFinancial upon their death with the insurance proceeds from the American policy. Both Daniel and Barbara Heyward are named as joint insureds under the American policy. American argues, however, that Daniel Heyward is no longer an "insured" under the policy because Barbara died first and the insurance policy allows only one payment. It is true that Daniel Heyward may no longer have any coverage under the policy after Barbara's death because the payment under the policy has been made; however, he was an "insured" under the policy when it was issued and when the arbitration clause that American seeks to enforce was signed. Thus, Daniel Heyward was an "insured" under the American policy for purposes of S.C.Code § 15–48–10(b)(4).

## III. Conclusion

For the reasons stated above,

It is therefore, **ORDERED** that defendant's motion to dismiss plaintiff's Complaint be **GRANTED**.

**AND IT IS SO ORDERED.**