16‐3182‐cv
Hermès of Paris, Inc. v. Swain

 UNITED STATES COURT OF APPEALS
 FOR THE SECOND CIRCUIT
                                

 August Term, 2016

 (Argued: May 3, 2017  Decided: August 14, 2017)

 Docket No. 16‐3182‐cv
                                   

 HERMÈS OF PARIS, INC.,

 Petitioner‐Appellee,

 — v. — 

 MATTHEW SWAIN,

 Respondent‐Appellant.*

                                    

B e f o r e:

 WALKER, LIVINGSTON and LYNCH, Circuit Judges.

                                    

 Respondent‐appellant Matthew Swain appeals from a judgment of the
United States District Court for the Southern District of New York (Colleen
McMahon, Chief Judge). He contends that the district court lacked subject matter

*
  The Clerk of Court is directed to amend the caption to conform to the above.
jurisdiction over a petition to compel arbitration brought by petitioner‐appellee
Hermès of Paris, Inc. We conclude that the district court had diversity
jurisdiction and accordingly AFFIRM its judgment.

                              

 LAWRENCE R. SANDAK (Edna D. Guerrasio, on the brief),
 Proskauer Rose LLP, Newark, NJ, for Petitioner‐
 Appellee.

 CHRISTOPHER W. HAGER (Peter J. Heck, on the brief), Niedweske
 Barber Hager, LLC, Morristown, NJ, for Respondent‐
 Appellant.

                               

GERARD E. LYNCH, Circuit Judge:

 Respondent‐appellant Matthew Swain appeals from a judgment of the

United States District Court for the Southern District of New York (Colleen

McMahon, Chief Judge). On appeal, Swain argues that the district court lacked

subject matter jurisdiction over a petition to compel arbitration brought by

petitioner‐appellee Hermès of Paris, Inc. (“Hermès”) under § 4 of the Federal

Arbitration Act (“FAA”). For the reasons set forth below, we conclude that the

district court had diversity jurisdiction and accordingly AFFIRM its judgment.

 BACKGROUND 

 In November 2015, Swain was fired from his job with Hermès managing

 2
the company’s boutique at the Mall at Short Hills in New Jersey. In July 2016,

Swain, a New Jersey resident, sued Hermès in New Jersey state court, asserting

claims under New Jersey state law for discrimination and hostile work

environment on the basis of sexual orientation, retaliation, and breach of contract.

Swain named as defendants in that suit Hermès, and Lorenzo Bautista, who

worked with Swain at the Short Hills Hermès store.

 Thereafter, asserting federal jurisdiction based on diversity of citizenship,

Hermès filed a petition in the district court to compel arbitration pursuant to § 4

of the FAA, naming Swain as the only respondent and citing a dispute resolution

protocol that he had allegedly signed in August 2015.1 The dispute resolution

protocol states that “either you or [Hermès] may initiate final and binding

arbitration” for “all legal and equitable claims . . . of whatever nature or kind . . .

between you and [Hermès], its corporate parent . . . , their affiliates and

subsidiaries and its and their owners, directors, officers, executives and

1
  Section 4 of the FAA is “something of an anomaly” in that its statutory text “bestows
no federal jurisdiction but rather requires for access to a federal forum an independent
jurisdictional basis over the parties’ dispute.” Vaden v. Discover Bank, 556 U.S. 49, 59
(2009) (internal quotation marks and brackets omitted). That independent jurisdictional
basis is generally either federal question or diversity jurisdiction. See Northport Health
Servs. of Ark., LLC v. Rutherford, 605 F.3d 483, 486 (8th Cir. 2010).

 3
employees.” A. 25, 28. The district court granted the petition in relevant part,2 

and this timely appeal followed.

 DISCUSSION

 On appeal, Swain does not contest the arbitrability of his dispute with

Hermès, arguing instead that the district court lacked subject matter jurisdiction

due to a lack of complete diversity of citizenship. He does not dispute that the

parties to the petition to compel arbitration (Hermès and Swain) are citizens of

different states, but nevertheless argues that we should “look through” the

petition to the underlying dispute, as defined in Swain’s New Jersey lawsuit, and

conclude that complete diversity is lacking because Swain and Bautista, who is

adverse to Swain in his state court litigation in New Jersey, are both citizens of

that state.3

 Swain’s argument is foreclosed by our decision in Doctor’s Associates, Inc. v.

2
  The district court denied Hermès’ request that it enjoin the New Jersey action,
concluding that it lacked the authority to do so under the Anti‐Injunction Act, see 28
U.S.C. § 2283. Hermès does not challenge that aspect of the district court’s ruling, on
which we express no view.
3
  While Swain presses this argument for the first time on appeal, we consider it
nonetheless given that “federal courts have a duty to inquire into their subject matter
jurisdiction sua sponte.” F5 Capital v. Pappas, 856 F.3d 61, 75 (2d Cir. 2017) (internal
quotation marks and brackets omitted).

 4
Distajo, 66 F.3d 438 (2d Cir. 1995). In Distajo, we held that in evaluating whether

the requirement of complete diversity is satisfied, a court assessing its jurisdiction

over an FAA petition is to “look[] only to the citizenship of the parties in the

action before it” – that is, the “parties to the petition to compel” as well as any

indispensable parties who must be joined pursuant to Federal Rule of Civil

Procedure 19.4 66 F.3d at 445, 446.

4
  Swain argues for the first time in his reply brief that Bautista was a third‐party
beneficiary of the dispute resolution protocol and must therefore be joined under Rule
19 as an indispensable party, thus destroying complete diversity. Although we might
normally consider such an argument forfeited, we consider it here as it may bear on the
question of subject matter jurisdiction. See F5 Capital, 856 F.3d at 75; see also MasterCard
Int’l Inc. v. Visa Int’l Serv. Ass’n, Inc., 471 F.3d 377, 382‐83 (2d Cir. 2006) (noting that Rule
19 questions may be considered sua sponte by both trial and appellate courts). In Distajo,
we rejected a substantially similar argument, finding non‐signatories to an arbitration
agreement not to be indispensable parties under Rule 19 because they did not meet the
threshold tests of Rule 19(a). 66 F.3d at 446. Specifically, we reasoned that: (1) their
joinder was not necessary for the court to afford complete relief since the district court
could issue an order compelling arbitration regardless of whether the non‐signatories
were joined; and (2) Rule 19‘s concern with “possible prejudice resulting from
piecemeal litigation [] is overcome in th[e] [arbitration] context by the FAA’s strong bias
in favor of arbitration.” Id. Distajo’s logic dictates that Bautista likewise fails to qualify
as an indispensable party under Rule 19, even assuming arguendo that Bautista is a
third‐party beneficiary of the dispute resolution protocol. Here, as in Distajo, the district
court could afford complete relief – that is, an order compelling arbitration between
Swain and Hermès – to the parties without Bautista’s presence in the action. Moreover,
the potential for piecemeal litigation is even less of a concern here than in Distajo. In that
case, the petitioner faced the possibility of having to simultaneously pursue arbitration
against signatories to the franchise agreements at issue and litigation against non‐
signatories, potentially leading to inconsistent obligations. Here, if Bautista is indeed a
third‐party beneficiary of the dispute resolution protocol, Swain would likely be
required to arbitrate his claims not only against Hermès, but also against Bautista, thus

 5
 In so holding, we rejected the “look‐through” approach that Swain urges

here, reasoning that § 4 of the FAA provides for jurisdiction over a suit arising

out of a controversy between “the parties,” which “most sensibly refers to those

persons who are parties to the arbitration agreement – and who therefore can be

named in the petition to compel arbitration.” Id. at 445 (internal quotation marks

omitted). Adopting the argument made by the petitioner in Distajo, we reasoned

that requiring that the parties to the underlying dispute be completely diverse

would “fatally undermine[]” the FAA because it would allow “a party resisting

arbitration [to] defeat federal jurisdiction simply by suing someone from the

same state, plus the party seeking to compel arbitration, in a separate lawsuit.”

Id. All of our sister Circuits to have addressed the issue have likewise rejected a

look‐through approach to assessing complete diversity for the purposes of

evaluating whether a district court has diversity jurisdiction over an FAA

petition.5

minimizing the chance of inconsistent obligations. Nor is there any indication that
Bautista’s ability to protect his interests would “as a practical matter [be] impair[ed] or
impede[d]” if he were not joined in this action. Fed. R. Civ. P. 19(a)(1)(B)(i).
Accordingly, we reject Swain’s argument that Bautista must be joined under Rule 19 as
an indispensable party.
5
  See Dell Webb Cmtys., Inc. v. Carlson, 817 F.3d 867, 871 (4th Cir. 2016); Northport, 605
F.3d at 491; Circuit City Stores, Inc. v. Najd, 294 F.3d 1104, 1106 (9th Cir. 2002); We Care

 6
 Swain argues, however, that the Supreme Court’s ruling in Vaden v.

Discover Bank, 556 U.S. 49 (2009), requires that courts look through the petition to

the underlying suit for purposes of determining whether complete diversity is

satisfied, thus abrogating Distajo. That argument is simply incorrect. The

Supreme Court’s decision in Vaden deals with the entirely different question of

determining whether a district court has federal question jurisdiction over a

petition to compel arbitration. In contrast to the unanimous rejection by the

Circuits of the look‐through approach to assessing complete diversity for the

purposes of diversity jurisdiction, the Courts of Appeals had split over whether

to look to the underlying lawsuit in determining federal question jurisdiction.

Compare Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 268 (2d Cir. 1996)

(holding that a federal court does not have subject matter jurisdiction over a

petition to compel arbitration “merely because the underlying claim raises a

federal question”), with Discover Bank v. Vaden, 396 F.3d 366, 368‐70 (4th Cir. 2005)

(holding that a district court may “look through” the petition to compel

arbitration “to assess whether the overall controversy between the parties is

Hair Dev., Inc. v. Engen, 180 F.3d 838, 842 (7th Cir. 1999); First Franklin Fin. Corp. v.
McCollum, 144 F.3d 1362, 1364 (11th Cir. 1998).

 7
grounded in federal law”). In Vaden, the Supreme Court resolved that issue,

expressly rejecting our precedent in Westmoreland and holding that courts may

look through § 4 petitions to the underlying dispute to determine whether they

are predicated on actions arising under federal law. Vaden, 556 U.S. at 62; see also

Doscher v. Sea Port Grp. Sec., LLC, 832 F.3d 372, 380 (2d Cir. 2016) (recognizing

Vaden’s overruling of Westmoreland).

 Nowhere in Vaden, however, did the Court address whether a look‐

through approach should likewise apply where courts assert diversity

jurisdiction over an FAA petition. Indeed, the Court specifically noted that

diversity of citizenship was not available as a jurisdictional basis for the petition

at issue in Vaden, 556 U.S. at 54 n.1, and expressly limited its endorsement of the

look‐through approach to the context of federal question jurisdiction, stating that

it “approve[d] the ‘look through’ approach to this extent: A federal court may

‘look through’ a § 4 petition to determine whether it is predicated on an action

that ‘arises under’ federal law,” id. at 62 (emphasis added). At no point in Vaden

did the Court question the continuing viability of the approach to diversity

jurisdiction articulated in Distajo, which had been uniformly embraced at the

time by all of the Circuits to have addressed the issue, and which has continued

 8
to be followed by those Circuits to have addressed the issue following Vaden. See

supra n. 5 (collecting cases).6

 Because Vaden speaks only to the applicability of a look‐through approach

where courts assert federal question jurisdiction over an FAA petition, see

Northport Health Servs. of Ark., LLC v. Rutherford, 605 F.3d 483, 488‐91 (8th Cir.

2010) (reaching same conclusion), Vaden does not overrule our precedent in

Distajo or “cast sufficient doubt,” Doscher, 832 F.3d at 378, on that precedent to

undermine it. We therefore remain bound by Distajo. Swain’s challenge to the

district court’s subject matter jurisdiction therefore fails, because under Distajo

complete diversity is measured by reference to the parties to the petition to

compel arbitration. Here, those parties are Hermès and Swain, who no one

disputes are citizens of different states and thus completely diverse. Accordingly,

6
  We note, moreover, that the Supreme Court did not question the district court’s
subject matter jurisdiction over the petition to compel arbitration at issue in the seminal
arbitration case of Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460
U.S. 1 (1983). There, jurisdiction was based on diversity of citizenship, where the parties
to the petition were completely diverse, but the parties to the underlying dispute were
not. Id. at 7 & n.4. Although it did not expressly address the question of subject matter
jurisdiction, Moses noted that the FAA “requires piecemeal resolution when necessary to
give effect to an arbitration agreement” and that such agreements under the FAA are to
be enforced “notwithstanding the presence of other persons who are parties to the
underlying dispute but not to the arbitration agreement.” Id. at 20 (emphasis in
original). 

 9
the district court had subject matter jurisdiction over the petition to compel

arbitration.

 CONCLUSION

 For the foregoing reasons, we AFFIRM the judgment of the district court.

 10