## WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, Plaintiff,

v.

## Kennith R. JOHNSON, Jr. and Laurine Johnson, Defendants.

### Civil Action No. 98–0141–BH–S.

United States District Court,
S.D. Alabama,
Southern Division.

Aug. 24, 1998.

Walter T. Gilmer, Jr., Archibald T. Reeves, IV, McDowell Knight Roedder & Sledge L.L.C., Mobile, AL, for Woodmen of the World Life Insurance Society, plaintiff.

Jere L. Beasley, W. Daniel Miles, III, Joseph H. Aughtman, Beasley, Wilson, Allen, Crow & Methvin, P.C., Montgomery, AL, for Kennith R. Johnson, Jr., Laurine Johnson, defendants.

## ORDER

HAND, Senior District Judge.

This action is again before the Court on the motion (Doc. 34) filed by Woodmen of the World Life Insurance Society (Woodmen), plaintiff herein, for the entry of judgment compelling arbitration, staying the underlying civil action and retaining jurisdiction. The Court has carefully considered this motion, defendants' recent response in opposition thereto (Doc. 36) and Answer (Doc. 37), defendants' failure to respond to this Court's Order of June 22, 1998 (Doc. 29),[1] Woodmen's reply (Doc. 38) and all other pertinent portions of the record. Based on such consideration the Court concludes that the motion is due to be granted.

 The Court agrees that, in this case, there exists no jury question concerning the validity of the arbitration agreement.[2] Defendants do not dispute that they signed the applications for insurance at issue and are members of Woodmen's fraternal benefit society. As such, defendants agreed to be bound by the constitution and bylaws of Woodmen's fraternal benefit society and any amendments thereto, including the arbitration agreement to which the defendants are bound. In addition, as a fraternal benefit society, Woodmen's is governed by state law which expressly permits the amendment at issue in this litigation. *See e.g., Bevis v. Woodmen of the World Life Insurance Society,* CV 97–B–1186–NW (N.D.Ala.1997) (Woodmen's Brief in Opposition at Exhibit D, Doc. 10)("Alabama Code § 27–34–29 express-

---

1. The Court's Order of June 22, 1998, was affirmed on July 13, 1998 (Doc. 33), and directed the defendant to show cause why Woodmen's request to compel arbitration ought not to be granted.

2. For the reasons set forth by Woodmen in its reply brief, the Court also agrees that defendants have waived any right to a trial by jury. Woodmen's Reply Brief (Doc. 38) at 3–4.

ly provides that 'the certificate together with ... the Constitution and Laws of the Society ... and all amendments to each thereof shall constitute the agreement, as of the date of issuance, between the Society and the member' and that any 'changes, additions, or amendments' to the 'Constitution' shall bind the member and shall govern and control the agreement in all respects the same as though such changes, additions, or amendments had been made prior to and were in force at the time of the application for membership."). *See also, Clayton v. Woodmen of the World Life Insurance Society,* 981 F.Supp. 1447 (M.D.Ala.1997) (Woodmen's arbitration agreement as contained in its constitution and laws and binding on its members is enforceable under Alabama law.).

Defendants are not therefore entitled to a jury trial on any issue concerning the validity of the arbitration agreement which exists between the parties. Consequently, as *Saturday Evening Post Co. v. Rumbleseat Press, Inc.,* 816 F.2d 1191 (7th Cir.1987), a case relied upon by the defendants themselves, makes clear, "[i]f the arbitrability of the parties' dispute involves no questions or only legal questions, a jury trial would be pointless because the outcome could not affect the judge's decision on whether to order arbitration." 816 F.2d at 1196 (emphasis added). *See also, Joseph Muller Corporation Zurich v. Commonwealth Petrochemicals, Inc.,* 334 F.Supp. 1013, 1018–19 (S.D.N.Y.1971) ("If, ... there emerges only a question of law [concerning the existence of an agreement to arbitrate] on which the court is 'fully informed,' relief may be granted without a trial. After all, such an issue would never go to a jury in any case.").

█ The Court therefore concludes that Woodmen's is entitled to a judgment compelling arbitration. In view of such entitlement, defendants' opposition to Woodmen's request for a stay of the entire parallel state court action is specious. The "aid of jurisdiction" exception to the Federal Anti–Injunction Act, 28 U.S.C. § 2283, allows this Court to stay the parallel state court proceeding pending

arbitration. *See, TranSouth Financial Corp. v. Bell,* 149 F.3d 1292, 1297 (11th Cir. 1998)("If the district Court orders arbitration, a stay of the state court proceeding might be appropriate at that point because continued state proceedings could jeopardize the federal court's ability to pass on the validity of the arbitration proceeding it has ordered.")(Attached to Woodmen's Reply Brief at Doc. 38). Consequently, the Court will stay the parallel state court action.

█ Of final concern in this litigation is Woodmen's request that the Court retain jurisdiction pending the resolution of the arbitration. It would seem unnecessary in this case to expressly do so. As Woodmen itself declares, "by issuing an order compelling arbitration, this Court retains jurisdiction to enter judgment on the arbitrator's award or to vacate, modify, or correct the award." Woodmen's Motion (Doc. 34) at 2–3. *See e.g., T & R Enterprises, Inc. v. Continental Grain Co.,* 613 F.2d 1272, 1278 (5th Cir.1980) ("We conclude that, once invoked, the power of that court to enter a judgment on the arbitrator's award which was an outgrowth of the original action was sufficient to satisfy the jurisdictional requirements."). *See also, Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 705 (2d Cir.1985), *cert. denied,* 475 U.S. 1067, 106 S.Ct. 1381, 89 L.Ed.2d 607 (1986) ("[A] court which orders arbitration retains jurisdiction to determine any subsequent application involving the same agreement to arbitrate, including a motion to confirm the arbitration award.")[3] The Court, therefore, retains jurisdiction by force of law.

For the reasons set forth above, the Court concludes and it is therefore **ORDERED** that Woodmen's motion for entry of judgment (Doc. 34) is due to be and is hereby **GRANTED** in that judgment be entered in favor of the plaintiff, Woodmen of the World Life Insurance Society, and against the defendants, Kennith R. Johnson, Jr. and Laurine Johnson, the defendants being hereby compelled to arbitrate their claims against

---

**3.** In the case at bar, the arbitration agreement provides that "[a]ll mediation and arbitration meetings/hearings shall be conducted at a location convenient to the parties in the member's or benefit certificate owner's or beneficiary's state of residence, unless the parties mutually agree on another location." Such agreement, by virtue of 9 U.S.C. § 9, would appear to independently vest this Court with jurisdiction to confirm, vacate or modify subsequent arbitration awards.

Woodmen as asserted in *Kennith R. Johnson, Jr. and Laurine Johnson v. Woodmen of the World Life Insurance Society, et al.*, Civil Action No. CV–97–235C, pending in the Circuit Court of Clarke County, Alabama. Costs are taxed against the defendants.

It is **FURTHER ORDERED** that the parallel state court action, *Kennith R. Johnson, Jr. and Laurine Johnson v. Woodmen of the World Life Insurance Society, et al.*, Civil Action No. CV–97–235C, pending in the Circuit Court of Clarke County, Alabama, be and is hereby **STAYED** and **ENJOINED** in its entirety pursuant to 28 U.S.C. § 2283.

Finally, it is **ORDERED** that this action be and is hereby **STAYED** pending the above ordered arbitration. Although the Court retains jurisdiction as stated above, the arbitration proceedings may take some time to complete and there may be no further need for the Court's intervention. The Clerk of this Court is therefore directed to close this action for statistical purposes but the parties may request reinstatement at any time that they require the Court's intervention.

### JUDGEMENT

It is **ORDERED, ADJUDGED** and **DECREED** that Woodmen's motion for entry of judgment (Doc. 34) be and is hereby **GRANTED** in that **JUDGMENT** be and is hereby entered in favor of the plaintiff, Woodmen of the World Life Insurance Society, and against the defendants, Kennith R. Johnson, Jr. and Laurine Johnson, the defendants being hereby compelled to arbitrate their claims against Woodmen as asserted in the parallel state court action. Costs are taxed against the defendants.

It is **FURTHER ORDERED, ADJUDGED** and **DECREED** that the parallel state court action, *Kennith R. Johnson, Jr. and Laurine Johnson v. Woodmen of the World Life Insurance Society, et al.*, Civil Action No. CV–97–235C, pending in the Circuit Court of Clarke County, Alabama, be and is hereby **STAYED** and **ENJOINED** in its entirety pursuant to 28 U.S.C. § 2283.

Finally, it is **ORDERED** that this action be and is hereby **STAYED** pending the above ordered arbitration.