**AMERICAN HERITAGE LIFE INSURANCE COMPANY; First Colonial Insurance Company of Florida; and Fidelity National Corporation d/b/a Republic Finance, Inc., Plaintiffs,**

v.

**Larry HARMON, Defendant.**

**No. 1:01CV80–D–A.**

United States District Court,
N.D. Mississippi,
Eastern Division.

June 28, 2001.

Beth L. Orlansky, McGlinchey Stafford, Jackson, MS, Robert T. Gordon, Jr., Heidelberg & Woodliff, Jackson, MS, for Plaintiffs.

Bennie L. Jones, Jr., Law Offices of Bennie L. Jones, Jr. & Associates, West Point, MS, for Defendant.

## OPINION

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' petition to compel arbitration pursuant to Section Four of the Federal Arbitration Act. In the petition, the Plaintiffs also seek to stay a state court proceeding brought in Clay County, Mississippi, by the Defendant against the Plaintiffs.

Upon due consideration, the court finds that the petition should be granted. In accordance with the parties' agreement, the Defendant's claims shall be submitted to arbitration, and the proceedings currently pending in the Circuit County of Clay County shall be stayed pending arbitration.

### A. Factual and Procedural Background

The Defendant obtained a consumer loan from the Plaintiff Republic Finance, Inc., that included the purchase of credit life insurance from the Plaintiffs American Heritage Life Insurance Company and First Colonial Insurance Company of Florida. In connection with the loan transaction, the Defendant signed a document entitled "Arbitration Agreement." The Arbitration Agreement contains a mandatory arbitration provision, requiring that all claims or disputes between the parties in connection with the loan transaction be submitted to binding arbitration.

Despite the Agreement's arbitration provision, the Defendant commenced a civil action in the Circuit Court of Clay County, Mississippi, on November 17, 2000, seeking monetary damages for, *inter alia*, fraudulent misrepresentation in connection with the loan transaction. Then, on March 8, 2001, the Plaintiffs filed a petition in this court, pursuant to Section Four of the Federal Arbitration Act, seeking an order compelling arbitration and staying the pending state court proceedings. Thereafter, on May 25, 2001, the Plaintiffs filed briefs in support of their petition, placing all substantive issues before the court for adjudication.

### B. Discussion

#### 1. The Agreement's Arbitration Provision

■ The Federal Arbitration Act, 9 U.S.C. §§ 1 – 16 (1999) (the FAA), provides that a written provision in a contract that evidences a transaction involving commerce, to settle by arbitration a controversy arising out of that contract, is valid, irrevocable, and enforceable. 9 U.S.C. § 2 (1999). Section Four of the FAA specifically contemplates that parties, such as the Plaintiffs, that are aggrieved by another party's failure to arbitrate under a written agreement, may file an original petition in a United States District Court to compel that party to arbitrate their claims. 9 U.S.C. § 4 (1999). In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1983); *Mou-*

*ton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir.1998).

The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir.1992). First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable. *R.M. Perez*, 960 F.2d at 538. In conjunction with that inquiry, a party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked. *Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679, 680–81 (5th Cir.1976).

The parties do not dispute that their Arbitration Agreement contains the following mandatory arbitration provision:

> [A]ny claim, dispute or controversy between undersigned ... and lender (or the employees, agents or assigns of lender) arising from or relating to the loan or any prior extension of credit by lender to any of the undersigned, insurance written in connection herewith, ... and whether arising in tort, contract breach of duty (including but not limited to) any alleged fiduciary, good faith, and fair dealing duties, including but not limited to the applicability of this arbitration agreement, and the validity of the entire agreement shall be resolved by binding arbitration before one arbitrator in accordance with the Federal Arbitration Act, the expedited procedures of the commercial arbitration rules of the American Arbitration Association, and this agreement.

Arbitration Agreement at 1.

As for the first step in the court's analysis, whether all of the parties agreed to arbitrate the dispute, the court notes that two of the three Plaintiffs, American Heritage Life Insurance Company and First Colonial Insurance Company of Florida, are non-signatories to the Arbitration Agreement.

The Fifth Circuit has made clear, however, that a non-signatory to a contract containing an arbitration provision may compel arbitration against a signatory, when that signatory "raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract." *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir.2000). In this case, the Plaintiff insurers assert that although they are non-signatories to the Arbitration Agreement between the Defendant and the Plaintiff Republic Finance, Inc., they are nevertheless entitled to compel arbitration of the Defendant's claims against them because those claims are intertwined with the Defendant's claims against Republic Finance. The court agrees.

The complaint brought by the Defendant against the Plaintiffs in Clay County Circuit Court, Civil Action No.2000–266, alleges that the Plaintiff insurers colluded and conspired with agents of Republic Finance to sell unnecessary insurance at inflated rates. Specifically, the complaint charges that the "Defendants [American Heritage, First Colonial and Republic Finance] entered into a civil conspiracy ... to sell credit life, credit disability, property and/or collateral protection insurance ... that was unnecessary and at an exorbitant premium far in excess of the market rate." *See* State Court Complaint at

¶ 76. Further, it is undisputed that the Defendant's claims against all of the Plaintiffs arise from the same transaction, involved the same participants and representations, and occurred at the same time and location. As such, the court finds that the Defendant's claims raise allegations of substantially interdependent and concerted misconduct by both the non-signatory insurers, American Heritage and First Colonial, and the signatory lender, Republic Finance. The non-signatory insurers, therefore, may compel arbitration of the claims against them in accordance with the Arbitration Agreement, pursuant to the Fifth Circuit's ruling in *Grigson.*

■ As such, the court finds that the parties agreed to arbitrate all of the Defendant's claims. The arbitration clause is unambiguous, sufficiently broad to cover all of the Defendant's claims, and susceptible to only one interpretation—that the parties intended to settle, through arbitration, the claims the Defendant has raised. None of the Defendant's claims fall outside the scope of the arbitration clause.

As for the second step in the court's analysis, the Defendant argues that the claims are nonarbitrable for several reasons, including (i) the FAA is reverse-preempted by the McCarran–Ferguson Insurance Regulation Act; (ii) the Plaintiffs' demand for arbitration constitutes a compulsory counterclaim that could only have been brought in the Defendant's pending Clay County state court action; and (iii) the Defendant's demand for a jury trial in this matter renders an order compelling arbitration inappropriate. For the following reasons, the court finds that all of the Defendant's arguments are misplaced.

### 2. Reverse–Preemption and the McCarran–Ferguson Insurance Regulation Act

The Defendant asserts that the FAA is reverse-preempted by the McCarran–Ferguson Insurance Regulation Act, 15 U.S.C. §§ 1011–1015 (1999), so as to render the parties' Arbitration Agreement unenforceable.

■ The McCarran–Ferguson Act is designed to clear the way for state laws regulating the business of insurance, by displacing any federal law that conflicts with such state laws. But McCarran–Ferguson applies only in the narrow range of cases involving state regulation of the insurance industry, [and] permits a state law to reverse preempt a federal statute only if: (i) the federal statute does not specifically relate to the "business of insurance;" (ii) the state law was enacted for the "purpose of regulating the business of insurance;" and (iii) the federal statute operates to "invalidate, impair, or supersede" the state law. *Munich Am. Reinsurance Co. v. Crawford,* 141 F.3d 585, 590 (5th Cir. 1998).

■ The Defendant's reverse preemption argument fails because the Defendant has failed to point to a single Mississippi state law that the FAA has purportedly invalidated, impaired, or superseded. Instead, the Defendant appears to argue that because Mississippi's Commissioner of Insurance is seemingly opposed to approving insurance policies that contain binding arbitration clauses, McCarran–Ferguson reverse preempts the FAA. The Fifth Circuit has made clear, however, that McCarran–Ferguson only permits state laws or statutes to reverse preempt federal statutes; informal policies of state officials may not do so. *Munich Am. Reinsurance Co.,* 141 F.3d at 590. As such, the Defendant's claim of reverse-preemption fails and the McCarran–Ferguson Insurance Regulation Act is inapplicable.

### 3. Compulsory Counterclaim

■ The Defendant asserts that the Plaintiffs' petition to compel arbitration is a compulsory counterclaim that, pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, was required to be filed in the Defendant's pending state lawsuit, if at all.[1] This assertion is belied by the express provisions of the FAA, and in particular by Section Four of the FAA, which provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 ... for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (1999). This section of the FAA plainly authorizes a party, against whom litigation has been brought, to commence a separate original action in federal district court to seek enforcement of an arbitration agreement. As such, the Defendant's Rule 13(a) objection to the Defendants' petition is without merit.

### 4. Demand For a Jury Trial

Finally, the Defendant contends that the demand for a jury trial renders an order compelling arbitration inappropriate at the present time.

■ While the FAA does allow for parties to demand a jury trial to resolve factual issues surrounding the making of the arbitration agreement or the failure, neglect or refusal to perform the agreement, it is well settled that "[a] party to an arbitration agreement cannot obtain a jury trial merely by demanding one." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir.1992) (holding, in addition, that Defendant "must make at least some showing that under prevailing law, he would be relieved of his contractual obligation to arbitrate if his [factual] allegations [surrounding the arbitration agreement] proved to be true."); 9 U.S.C. § 4 (1999). In addition, the Defendant "must produce at least some evidence to substantiate his factual allegations." *Dillard*, 961 F.2d at 1154.

Here, the Defendant has proffered no evidence whatsoever supporting the conclusion that a jury trial is warranted in this action. As such, the court finds that a jury trial is not required, and an order compelling the Defendant to submit all claims to arbitration is appropriate without a jury trial.

In sum, the court finds that all of the Defendant's claims are covered by the arbitration provision contained in the Arbitration Agreement, and that all of the Defendant's claims are arbitrable. All of the Defendant's claims, therefore, shall be submitted to arbitration in accordance with the terms of the Arbitration Agreement.

### 5. Stay of State Court Proceedings

In addition to seeking an order compelling the Defendant to submit all pending claims to arbitration, the Plaintiffs also seek to stay the Defendant's pending state court action.

The Anti–Injunction Act states that:

> A court of the United States may not ... stay proceedings in a State court

---

1. Rule 13(a) provides, in pertinent part, that:
   A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of

the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
Fed.R.Civ.P. 13(a).

except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (2000).

■ The court finds that in the particular circumstances of this case, a stay is required to protect or effectuate this court's judgment and order that the controversy between the parties be submitted to arbitration. The court further finds that the policies embodied in the FAA militate against having ongoing state proceedings at the very time those same claims are the subject of arbitration proceedings.

In sum, the court concludes that the principle of judicial economy, the strong judicial policy favoring arbitration expressed by the Supreme Court, the plain language of the Anti–Injunction Act, and the policies embodied in the FAA warrant a stay of the Clay County action.

### C. Conclusion

For the above stated reasons, the Plaintiffs' petition to compel arbitration is granted, the Defendant's claims are referred to arbitration, and the Defendant's pending state law claims are stayed.

A separate order in accordance with this opinion shall issue this day.

### ORDER

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' petition seeking an order compelling arbitration is GRANTED;

(2) the Defendant's claims shall be submitted to arbitration, in accordance with the parties' Arbitration Agreement;

(3) all proceedings in the case of *Larry Harmon, et al. v. Fidelity National*

*Corp., et al.*, Civil Action No.2000–266, Circuit Court of Clay County, Mississippi, are hereby STAYED; and

(4) this case is CLOSED.