**CENTRAL RESERVE LIFE INS. CO.,**
an Ohio corporation, Plaintiff,

v.

**Kurtis Gary KIEFER, Defendant.**

No. CIV.A.02–0485–CB–S.

United States District Court,
S.D. Alabama,
Southern Division.

Oct. 8, 2002.

Alfred F. Smith, Jr., Bainbridge, Mims, Rogers & Smith, LLP, Birmingham, AL, for plaintiff.

George R. Irvine, Stone, Granade & Crosby, P.C., Daphne, AL, for defendant.

## MEMORANDUM AND OPINION

BUTLER, Chief Judge.

This matter comes before the Court on Plaintiff's Motion to Compel Arbitration and to Stay Related State Court Proceeding (Doc. 1) and the Defendant's Motion to Dismiss or, in the alternative, to Abstain (Doc.

9). The Court finds that the Plaintiff's Motion should be **GRANTED**.

A state court action, *South Baldwin Regional Med. Ctr. v. Kiefer*, was initiated by South Baldwin Regional Medical Center (South Baldwin) against Mr. Kiefer for recovery of expenses owed for medical treatment in the Circuit Court for Baldwin County, Alabama, on February 5, 2002. Doc. 9 at ¶ 1. In that action, Mr. Kiefer filed a third-party complaint against Central Reserve Life Insurance Company (CRL), on April 17, 2002, for breach of an insurance contract and failure to pay benefits in bad faith along with a request for declaratory judgment on the validity of the arbitration clause in the policy. *Id.* On June 27, 2002, CRL filed a complaint in this Court based on Mr. Kiefer's allegations in the state court action. Doc. 1. CRL's prayer for relief is for this Court to compel Kiefer to arbitrate his claim pursuant to an arbitration agreement, the validity of which is in dispute, and to stay the state court proceeding against CRL, pending arbitration pursuant to 9 U.S.C. §§ 3 and 4, and 28 U.S.C. § 2283. *Id.*

Mr. Kiefer challenges CRL's Motion on several grounds. The Court will deal with each ground as it arises.

## SUBJECT MATTER JURISDICTION

The Federal Arbitration Act (FAA) alone does not supply jurisdiction. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Federal courts are of limited jurisdiction and may not entertain cases in which subject matter jurisdiction is lacking. CRL [hereinafter Plaintiff] asserts that this Court has jurisdiction pursuant to § 1332 based on diversity between the parties and the amount in controversy exceeding $75,000. Doc. 1 at ¶ 5. More specifically, the Plaintiff is incorporated in and has its principal place of business in the state of Ohio while Mr. Kiefer [hereinafter Defendant] is a citizen of the state of Alabama. *Id.* at ¶¶ 1–2. Also, the amount in controversy is based on the Defendant's representations that his compensatory damages in the state court action exceeds $100,000. *Id.* at ¶ 4. Thus, it is apparent that all the requirements of § 1332 have initially

been satisfied. *Accord First Franklin Fin. Corp. v. McCollum,* 144 F.3d 1362, 1363–64 (11th Cir.1998) (finding the court to have subject matter jurisdiction under § 1332 over a motion to compel arbitration even though the state action was not removable).

## RULE 19 AND INDISPENSABLE PARTIES

██ The main issue between the parties on subject matter jurisdiction is whether South Baldwin is an indispensable party in this matter. The Defendant contends, "The disposition of this action in the absence of South Baldwin ... may as a practical matter impair or impede [it's] ability to protect [its] interest in that South Baldwin's rights would then be decided in the arbitration forum to which [it] would not be a party. Further, the disposition of this action in South Baldwin's absence may leave defendant Kiefer and plaintiff insurance company subject to a risk of incurring multiple or other inconsistent obligations by reason of the absence of South Baldwin from the arbitration action should it occur." Doc. 10 at II. Rule 19 of the Federal Rules of Civil Procedure states

> (a) A person ... whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the disposition of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .
>
> (b) If a person as described [above] cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a

judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

FED. R. CIV. P. 19.

The Eleventh Circuit has found similar claims to be divisible. *First Franklin Fin. Corp. v. McCollum,* 144 F.3d 1362 (11th Cir. 1998). There, the plaintiff sued the defendant and one of its employees alleging fraud based on a loan transaction. *McCollum,* 144 F.3d at 1363. The defendant financial institution then filed a petition in federal district court to compel arbitration pursuant to a provision in the loan agreement. *Id.* The court found the two claims to be divisible even though they were based on the same transaction because the financial institution defendant only sought to arbitrate its dispute with the plaintiff. *Id.* at 1364. Likewise, in another case, when a plaintiff sued an insurance company and its agent in state court, the insurance company moved a federal district court to compel arbitration between the two parties pursuant to an arbitration agreement. *United Benefit Life Ins. Co. v. Collins,* 2001 WL 273902 (N.D.Ala.2001). In attempting to destroy diversity, the plaintiff alleged that the agent was an indispensable party, but the court cited *McCollum* when it concluded that the argument was "a weak one" and held that the agent was not an indispensable party. *Collins,* at *2.

This Court finds the Defendant's contention that South Baldwin is an indispensable party to be incorrect. Doc. 10 at II. The Defendant's liability to South Baldwin for medical bills is divisible from the issue of whether the Plaintiff is obligated to indemnify the Defendant for those bills. *See* Doc. 13 at II. The Plaintiff seeks arbitration only on indemnification and not on the liability of the Defendant on the payment of the medical bills. First, South Baldwin will not be subject to inconsistent obligations because it is

the party to be paid for the medical bills, not the one to pay. The payment will either come from the Plaintiff and/or the Defendant, but those payments will be in the amount of the medical bills. Second, the result of the action will not impair or impede South Baldwin's ability to protect its interest in being paid for the medical bills. The result of arbitration will determine whether the Plaintiff is liable for indemnification for the payment of the medical bills by the Defendant. While in reality, if the Plaintiff does not have to indemnify the Defendant for the hospital bills, then it may possibly impair South Baldwin's ability to collect payment. However, if the Plaintiff is not liable to the Defendant for the total or partial payment of the medical bills, then it is not a party to the action. For instance, any person on the street could be an indispensable party under the Defendant's theory because they could help the Defendant pay the medical bills even though they are under no duty to do so. Thus, the Court concludes that South Baldwin is not a Rule 19 indispensable party to the action.

### ALABAMA CODE § 6–5–440

■ The Defendant maintains that this Court cannot entertain the present action pursuant to the statutory authority of Alabama Code § 6–5–440. Doc. 10 at I. The statute provides

> Simultaneous actions for same cause against same party prohibited. No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

*Id.* This provision has been held to be applicable in diversity actions in the absence of any overriding federal considerations. *Simmons v. Pulmosan Safety Equip. Corp., Inc.,* 471 F.Supp. 999, 1001 (S.D.Ala.1979). The court applied the statute after concluding

that a previously filed state court action was sufficient to abate a latter federal court action that was based on the "same causes." *Simmons,* 471 F.Supp. at 1001.

The Court must now determine if § 6–5–440 is applicable to the present matter. The Defendant in the federal action is also a defendant/third-party plaintiff in the state court action. On the other side, the Plaintiff in the federal action is a third-party defendant in the state court action. The purpose of the section is "to prevent a party from having to defend against two suits in different courts at the same time brought by the same plaintiff on the same cause of action." *L.A. Draper & Son, Inc. v. Wheelabrator-Frye, Inc.,* 454 So.2d 506, 508 (Ala.1984). However, the Alabama Supreme Court has interpreted the provision to also "bar a subsequent action by a party who first appeared as the defendant in a prior action." *Ex parte Parsons & Whittemore Alabama Pine Constr. Corp.,* 658 So.2d 414, 419 (Ala.1995). Therefore, § 6–5–440 is not inapplicable in this matter just because CRL appeared as the defendant in the prior state court action.

Also, in order for the abatement provision to apply, the two actions must involve the "same cause." Alabama courts have utilized § 6–5–440 to require abatement when an original defendant commences a separate subsequent action that would have been a compulsory counterclaim in the original action under Alabama Rules of Civil Procedure 13(a). *Ex parte Parsons,* 658 So.2d at 418. Under Alabama law, a claim is compulsory if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." ALA. R. CIV. P. 13(a).[1] "A claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 (11th Cir.1998). *See also Mississippi Valley Title Ins. Co. v. Hardy,* 541 So.2d 1057, 1059–60 (Ala.1989). Thus, the relevant issue here is whether a motion to compel arbitration is considered a compulsory counterclaim.

---

1. The Court notes that Alabama Rule 13(a) is identical to Federal Rule 13(a). Thus, both Alabama and federal cases are informative on interpreting what is a compulsory counterclaim.

In a similar setting, a motion to compel arbitration was categorized as a compulsory counterclaim. *Dupuy–Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1277 (5th Cir.1975).[2] However, the Fifth Circuit has since pulled back from that assertion. *See Municipal Energy Agency of Mississippi v. Big Rivers Elec. Corp.*, 804 F.2d 338, 344–45 (5th Cir.1986) (deeming *Dupuy's* characterization of a motion to compel arbitration as a compulsory counterclaim as collateral to that holding and not controlling). One federal court in Mississippi has squarely confronted the issue. *American Heritage Life Ins. Co. v. Harmon*, 147 F.Supp.2d 511, 516 (N.D.Miss.2001). The court compared Rule 13(a) with Section 4 of the FAA. *Id.* Section 4 states

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 ... for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. The court found Section 4 to authorize a party, who is a defendant in another action, "to commence a separate original action in federal district court to seek enforcement of an arbitration agreement." *Harmon*, 147 F.Supp.2d at 516. Similarly, the Fifth Circuit noted without comment a district court's decision which held that a motion to compel arbitration is not considered a compulsory counterclaim. *American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 706 (5th Cir.2002). However, other courts have considered motions to compel arbitration as compulsory counterclaims which must be raised in order to not be subsequently barred. *Towers, Perrin, Forster & Crosby, Inc. v. Brown*, 732 F.2d 345, 348 (3rd Cir.1984); *Colt's Mfg. Co., Inc. v. Devteck Corp.*, 961 F.Supp. 382, 385 (D.Conn. 1997). The Court is persuaded by the holding in *Harmon* which followed the plain language of the Section 4 of the FAA. Here, the Court has jurisdiction, pursuant to diversity, over the matter where one party is refusing to arbitrate. Thus, the Plaintiff, or aggrieved party, may petition a federal district court for an order directing arbitration pursuant to the agreement.

## ABSTENTION

■ The Defendant's next contention is that the Court should abstain from assuming jurisdiction over this matter. Doc. 10 at III. The Supreme Court has outlined six factors which the district court must weigh in determining whether to abstain under the *Colorado River* doctrine of judicial economy. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The factors are (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether the federal or state law provides the basis for decision of the case; and (6) whether the state court will adequately protect the rights of all parties. *Moses H. Cone*, 460 U.S. at 16–26, 103 S.Ct. 927. No one factor is controlling, but in weighing these factors the federal court should be biased in favor of exercising jurisdiction. *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1295 (11th Cir.1998).

The Eleventh Circuit previously found the *Colorado River* abstention doctrine to be inapplicable in a similar situation. The federal court plaintiff filed a motion to compel arbitration after the federal court defendant had filed a state court action. *First Franklin Fin. Corp. v. McCollum*, 144 F.3d 1362, 1363 (11th Cir.1998). The court found several of the *Moses H. Cone* factors to weigh in favor of exercising federal jurisdiction. First, the court found that no piecemeal litigation would ensue because the arbitrability of the dispute was the only issue before the court. *Id.* at 1364. Second, the timing and progress of the concurrent suits weighed in against abstention because the federal court plaintiff commenced the federal action at nearly the earliest opportunity after the federal court

---

**2.** All decisions of the former Fifth Circuit handed down before October 1, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

defendant refused to arbitrate the claims. *Id.* at 1364–65. The court found the law of the decision, the FAA, to weigh against abstention because a federal law governed the dispute. *Id.* at 1365. The court did find that the factor of a state court being able to eventually grant complete relief to weigh slightly in favor of abstention. *Id.* However, in balancing the factors, the court did not hesitate in ruling against abstention. *Id.* In another case, the Eleventh Circuit solidified its stance against abstention, when a federal court defendant files an action in state court before the federal court plaintiff files a petition to compel arbitration in federal court, by remanding the case back to the district court with an order to rule on the motion to compel arbitration. *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1296 (11th Cir.1998).

■ First, in this case, the factor of priority in jurisdiction over property is irrelevant as there is no property. Next, in this case, the inconvenience of the of the federal court is nonexistent. The Defendant contends that the Baldwin County courthouse would be more convenient than the John A. Campbell United States Courthouse in Mobile, Alabama, because he resides in Elberta, Alabama. Doc. 10 at III. While in a subjective sense that contention may ring true, in the context of abstention, the Court considers the drive from Elberta to Mobile to be just as convenient as the drive from Elberta to Bay Minette. Thus, this factor weighs against abstention. Thirdly, neither party has shown how far the state court action has progressed. The Plaintiff was made a third-party defendant in the state court action on April 17, 2002, and filed a petition to compel arbitration with the Court on June 27, 2002. Doc. 1. Therefore, in the absence of a contention by the Defendant as to this factor, the Court weighs this factor against abstention. Also, the factor of which law provides the rule of decision weighs against abstention. Here, federal law provides the rule of decision because the petition has been brought solely under the FAA. *See United Benefit Life Ins. Co. v. Collins*, 2001 WL 273902, *4 (N.D.Ala.2001) (finding federal law to establish the validity of an arbitration clause under the FAA even though the agreement is construed according to principles of state

law). Another factor weighing against abstention is piecemeal litigation. "[T]he result of the federal litigation would be either an order compelling arbitration or an order refusing to compel arbitration and dismissing the petition." *Collins*, 2001 WL 273902 at *3 (citing *McCollum*, 144 F.3d at 1364). Likewise, in the present matter, the federal action would not amount to piecemeal litigation of the merits of the state action.

Adequacy of state court to protect rights is a factor slightly in favor of the Defendant. The Alabama Supreme Court has allowed Alabama state courts to compel arbitration under the FAA. *Id.* at *4 (citing *Old Republic Ins. Co. v. Lanier*, 644 So.2d 1258, 1260 (Ala.1994)). Nonetheless, as abstention is the exception to the rule of exercising jurisdiction, the Defendant has failed to carry the burden of establishing that the *Moses H. Cone* factors weigh in favor of abstention. In light of the foregoing, the Court finds that abstention of the present matter is unwarranted.

## ESTOPPEL

■ The Defendant's last contention is that the Plaintiff has waived or is estopped from seeking arbitration because the Defendant was never provided with a copy of the insurance policy after he purchased it. Doc. 10 at IV. Furthermore, the Defendant alleges that he was denied the opportunity to exercise his three day right to rescission of the arbitration clause provided for in the insurance agreement. *Id.* However, the Defendant did sign the application which contained the arbitration clause and a separate document of acknowledgment of arbitration. Doc. 1 at ¶¶ 7–8. At first blush, Alabama Code § 27–14–19 appears to control the dispute. It states, "[E]very policy shall be mailed or delivered to the insured ... within a reasonable time after its issuance ..." *Id.* The Alabama Supreme Court has enforced the statute by estopping the insurance company from asserting an otherwise valid exclusion. *Brown Mach. Works & Supply Co., Inc. v. Insurance Co. of North America*, 659 So.2d 51, 61 (Ala.1995). However, in the present case, the arbitration agreement is

not an exclusion to the policy, but a rider to the coverage provisions. In addition, the Alabama Supreme Court has recently held that an insured was bound by an arbitration agreement when seeking damages under a breach of contract claim even though the insured never received a copy of the policy. *Ex parte Southern United Fire Ins. Co.,* —— So.2d ——, 2002 WL 1998342 (Ala. Aug.30, 2002). The court noted that an insured may not pick and choose provision of an insurance contract that should be applied. *Id.* at ——, *4. Thus, the court concluded that if the insured desired to recover on breach of contract, then the insured must pursue his claims under the terms of that contract. *Id.* Here, the Defendant is seeking damages under breach of contract in the state court action. Doc. 1 (Exhibit A). Therefore, the breach of contract claims along with the remaining claims must pursued under the terms of the contract, which in this case means arbitration.

## STAY OF RELATED STATE COURT PROCEEDING

■ The Plaintiff also moves the Court to stay the pending state court action against CRL until arbitration is concluded. Doc. 1. The Federal Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal court from enjoining a state court proceeding unless such proceeding falls within three narrowly construed circumstances:

> (1) where there is an express congressional authorization to enjoin state proceedings; (2) where an injunction is necessary to protect a judgment that a federal court has rendered; and (3) where an injunction is necessary to aid the federal court's jurisdiction over an action.

*TranSouth Fin. Corp. v. Bell,* 149 F.3d 1292, 1296 (11th Cir.1998). The court went on to announce that a stay may be appropriate in situations where continued "state court proceedings could jeopardize the federal court's ability to pass on the validity of the arbitration proceeding it has ordered." *Bell,* 149 F.3d at 1297. However, the court left the question open as it was not ripe for a decision. *Id.* at 1297–98. One court has answered the question left open in *Bell* by

staying a parallel state court action after compelling arbitration under the "aid of jurisdiction" exception. *Woodmen of the World Life Ins. Soc'y v. Johnson,* 23 F.Supp.2d 1344, 1345 (S.D.Ala.1998). Here, the Plaintiff is still a third party defendant in the parallel state court action and any decision made in state court has the possibility of interfering with this Court's continuing jurisdiction over the order to compel arbitration. *See Woodmen,* 23 F.Supp.2d at 1345. Thus, the Court finds it necessary to stay the parallel state court action against CRL.

## CONCLUSION

After establishing jurisdiction over the matter, the Court does not find South Baldwin to be an indispensable party to the federal action. Furthermore, the Court finds Alabama Code § 6–5–440 to apply to diversity suits, but motions to compel arbitration are not considered compulsory counterclaims. Thus, motions to compel arbitration are not considered "actions," taking the present matter out of the arena of the Alabama statute. In addition, for the previously discussed reasons, the Court finds abstention from the matter to be improper. Also, the Defendant is bound by the arbitration clause in the insurance policy because he is seeking to recover damages based on that contract. Finally, the Court finds that a stay of the parallel state court proceeding against CRL to be proper under the "aid of jurisdiction" exception to § 2283.

## ORDER

In light of the foregoing, the Court finds that Plaintiff's Motion to Compel Arbitration and to Stay Related State Court Proceeding (Doc. 1) is due to be and hereby is **GRANTED**. Consequently, the Defendant's Motion to Dismiss or, in the alternative, to Abstain (Doc. 9) is due to be and hereby is **DENIED**.