**Theresa BALLARD Plaintiff**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY (Assumed Name Canadian National/Illinois Central Railroad) and R.L. Clark a/k/a N.L. Clark Defendants**

**Canadian National Railway Company Third Party Plaintiff**

v.

**Harsco Canada, Ltd., Fairmont Tamper Division, or Its Successor Harsco Track Technologies, and Harsco Corporation Third–Party Defendants**

**No. CIV.A.5:03–CV–561 BR.**

United States District Court, S.D. Mississippi, Western Division.

Sept. 30, 2004.

John Hunter Stevens, Grenfell, Sledge & Stevens, Charles H. Russell, III, Wise, Carter, Child & Caraway, Jackson, MS, for Plaintiff.

Charles T. Ozier, Chad M. Knight, Wise, Carter, Child & Caraway, Mark W. Garriga, Daniel P. Jordan, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, Susan Campanella Roney, Nixon Peabody, LLP, Buffalo, NY, for Defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on third-party defendants Harsco Canada, Ltd., and Harsco Corporation's motion to compel arbitration (**docket entry 2–1**) and to stay proceedings (**docket entry 2–2**), and on the plaintiff Theresa Ballard's motion to remand (**docket entry 6**). Having carefully considered the motions and responses, the briefs of the parties and the applicable law, the Court finds as follows:

Theresa Ballard commenced this action in the Circuit Court of Jefferson County, Mississippi, against Illinois Central Railroad Company ("ICRC") and its employee Arthur L. Clark. Ballard alleges that she sustained injuries when Clark caused wooden timbers to roll from a railroad overpass and collapse onto the roof of a vehicle occupied by her. Ballard and Clark are both resident citizens of Mississippi. It is undisputed that there is no federal subject matter jurisdiction of the original action.

ICRC, under the name of Canadian National Railway Company, initiated a third party claim against Harsco Canada, Ltd. and Harsco Corporation (collectively "Harsco"), on the grounds that they are "obligated to release, indemnify, save and hold ICRC and its employees and agents, including Arthur Clark, harmless from any and all liability, loss, costs, damage or expense it incurs in connection with the subject litigation and the incident giving rise thereto." (Third–Party Complaint, ¶ 11). Harsco removed the action to this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 205, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 21 U.S.T. 2517, 330 U.N.T.S. 38, 9 U.S.C. § 201. Harsco alleges that provisions in its Service Contract with ICRC require the parties to arbitrate disputes arising out of the contract. Harsco also requests the Court to exercise supplemental jurisdiction over Ballard's claims against ICRC pursuant to 28 U.S.C. § 1367, and to stay Ballard's claims pending arbitration between Harsco and ICRC.

The Fifth Circuit allows removal pursuant to 28 U.S.C. § 1441(c) of a "separate and independent" third-party claim which could have been removed if sued upon alone. *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135–36 (5th Cir.1980). The Fifth Circuit has also held that a third-party claim for indemnity based on a separate contractual indemnity obligation is considered a "separate and independent claim" pursuant to § 1441. *Jones v. Petty–Ray Geophysical*, 954 F.2d 1061, 1066 (5th Cir. 1992); *see also Davis v. Life Insurance Co. of Mississippi*, 700 F.Supp. 323, 326 (N.D.Miss.1988). The third-party claims

of ICRC against Harsco are separate and independent from Ballard's claims against ICRC, and furnish a valid basis for removal under § 1441.

■ Although the FAA requires an independent basis for federal subject matter jurisdiction, the removal provision of the Convention provides that actions that fall under the Convention are removable to federal district court. 9 U.S.C. § 205; *Beiser v. Weyler,* 284 F.3d 665, 669 (5th Cir.2002); *Roser v. Belle of New Orleans,* 2003 WL 22174282 (E.D.La. Sept.12, 2003).

■ Section 1441(c) provides that once removal is accomplished, "the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c). The Court finds that although it has removal jurisdiction, Ballard's original action against ICRC and Clark should be remanded to the state court pursuant to § 1441(c), to preserve the plaintiff's choice of forum. *See Carl Heck,* 622 F.2d at 133, 136; *Davis,* 700 F.Supp. at 326–27.

■ As for the third-party claim, Harsco moves for enforcement of the arbitration provision in its indemnity contract with ICRC. The Court finds that the arbitration agreement falls under the Convention, and that the FAA therefore applies. *McDermott International, Inc. v. Lloyds Underwriters of London,* 944 F.2d 1199, 1211 (5th Cir.1991) (citing 9 U.S.C. § 208). The Fifth Circuit has stated that in adjudicating a motion to compel arbitration, district courts should conduct a two-step inquiry, the first step being a two-pronged analysis to determine (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement. *Bank One v. Coates,* 125 F.Supp.2d 819, 827 (S.D.Miss.2001) (citing *Webb v. Investacorp, Inc.,* 89 F.3d

252, 257–58 (5th Cir.1996)). The second step is to determine whether legal constraints external to the agreement foreclose arbitration. *Id.* ICRC has not challenged the validity of the Service Contract, nor raised any legal constraint external to the agreement. Therefore, the sole issue before the Court is whether the present dispute falls within the scope of the arbitration provision.

ICRC argues that the arbitration provision is "permissive," and thus cannot be enforced. ICRC's argument focuses on sections 11.4 and 11.5 of the contract, which provide that either party "may" submit disputes to the Joint Advisory Committee. (Service Contract, §§ 11.4, 11.5). However, sections 11.6 through 11.9 outline a distinct and separate arbitration process. Nowhere does the contract provide that either party must first submit a dispute to the Joint Advisory Committee.

■ ICRC contends that the indemnity claim is not arbitrable because Harsco has not satisfied "conditions precedent" and has unduly delayed its demand for arbitration. Threshold issues of procedural arbitrability are subject to arbitration. *United Steelworkers of America v. Warrior and Gulf Navigation Company,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Commerce Park at DFW Freeport v. Mardian Construction Company,* 729 F.2d 334 (5th Cir.1984)("matters of procedural arbitrability, such as, *inter alia,* whether the request for arbitration was timely under the arbitration agreement, are for the arbitrator to decide").

The arbitration provisions in the Service Contract must be construed in favor of arbitration, "unless it can be said with positive assurance that [the] arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Sedco. Inc. v. Petroleos Mexicanos Nat'l Oil Co.,* 767 F.2d 1140, 1145 (5th

Cir.1985). The arbitration provision in this case covers "any [d]ispute ... aris[ing] between the parties with respect to any provision of the Contract or to anything arising because of the contractual relationship between the parties." (Service Contract, § 11.4). All of ICRC's third-party claims fall under the broad arbitration provision of the Service Contract. None are excluded by the terms of the arbitration provision. The arbitration provision is sufficiently broad to indicate that the parties intended it to encompass all aspects of the relationship between them.

█ Having determined that the third-party claims alleged by ICRC are subject to arbitration, the court must now determine whether the arbitration provision is enforceable. *See R.M. Perez & Assocs., Inc. v. Welch,* 960 F.2d 534, 538 (5th Cir. 1992). "A party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion [or] that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked." *American Heritage Life Ins. Co. v. Harmon,* 147 F.Supp.2d 511, 514 (N.D.Miss.2001)(citing *Sam Reisfeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679, 680–81 (5th Cir.1976)). ICRC has not argued that the arbitration agreement is not enforceable or should be revoked. The Court finds that the claims asserted by ICRC are arbitrable under the subject arbitration clause, and that the arbitration clause is enforceable.

The Court concludes (1) that ICRC's claims are subject to the arbitration agreement; and (2) that the arbitration agreement is enforceable as a matter of law. The Court therefore finds that ICRC should be compelled to submit its claims to arbitration, and said claims should be dismissed from this action without prejudice. *See Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1163–64 (5th Cir.1992). With dismissal of the third-party claims, this Court has no compelling reason to retain jurisdiction, and the remainder of this action shall be remanded to the Circuit Court of Jefferson County, Mississippi. Accordingly,

IT IS HEREBY ORDERED that third-party defendants Harsco Canada, Ltd., and Harsco Corporation's motion to compel arbitration (**docket entry 2–1**) is GRANTED;

FURTHER ORDERED that Canadian National Railway Company (assumed name of Illinois Central Railroad Company) shall submit all third-party claims against third-party defendants Harsco Canada, Ltd., and Harsco Corporation, to arbitration. A partial final judgment compelling arbitration of the third-party action, and dismissing the third-party action without prejudice, shall issue;

FURTHER ORDERED that third-party defendants Harsco Canada, Ltd., and Harsco Corporation's motion to stay proceedings (**docket entry 2–2**) is DENIED;

FURTHER ORDERED that plaintiff Theresa Ballard's motion to remand (**docket entry 6**) is GRANTED. A separate Order of Remand, remanding the remainder of this action to the Circuit Court of Jefferson County, Mississippi, shall issue.

### PARTIAL FINAL JUDGMENT

This cause having come before the Court on the third-party defendants Harsco Canada, Ltd., and Harsco Corporation's motion to compel arbitration and to dismiss the third-party complaint, and the motion having been granted in a Memorandum Opinion and Order of even date herewith; accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the claims of third-party

plaintiff Canadian National Railway Company (assumed name of Illinois Central Railroad Company) asserted in its third-party complaint shall be submitted to arbitration;

FURTHER ORDERED AND ADJUDGED that the third-party action in this cause filed by Canadian National Railway Company (assumed name of Illinois Central Railroad Company), against Harsco Canada, Ltd., Fairmont Tamper Division, or its successor Harsco Track Technologies, and Harsco Corporation, is dismissed without prejudice.

### ORDER OF REMAND

This cause having come before the Court on the third-party defendants Harsco Canada, Ltd., and Harsco Corporation's motion to compel arbitration and to dismiss the third-party complaint, and the motion having been granted in a Memorandum Opinion and Order, and Partial Final Judgment, of even date herewith; and the Court finding no reason to retain jurisdiction over the original action; accordingly,

IT IS HEREBY ORDERED that this case is remanded to the Circuit Court of Jefferson County, Mississippi.

The clerk of court is directed to send the entire file in this case to the Circuit Court of Jefferson County, Mississippi.